## BASS et al. v. SURLS.

(Court of Civil Appeals of Texas. Dallas. Feb. 8, 1913.)

WILLS (§ 608*)—CONSTRUCTION—ESTATE CREATED—"CHILDREN."

Where testator devised an undivided one-half interest in the land in controversy to his daughter, to be held by her during her natural life and at her death to her children, and in the event she left no child or children then to the children of her sister, the word "children" should be construed according to its natural import, not to mean bodily heirs, and, the rule

in Shelley's Case being therefore inapplicable, the daughter took a life estate only.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1372–1378; Dec. Dig. § 608.*

For other definitions, see Words and Phrases, vol. 2, pp. 1126–1140.]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by C. V. Surls against Mrs. Mattie Bass and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Ed. R. Bumpass, of Terrell, for appellants. Dasheill, Crumbaugh & Coon, of Terrell, for appellee.

TALBOT, J. The appellant has made no statement of the nature and result of this suit, and we adopt the following statement made by the appellee: "C. V. Surls sued Mrs. Mattie Bass, a widow, and the American Insurance Company of Newark, New Jersey, in the district court of Kaufman county, Tex., and alleged that the said Mrs. Mattie Bass had sold and transferred unto plaintiff an undivided one-half interest in certain land on the R. Sowell survey in Kaufman county, Tex., aggregating 152 acres, more or less; that as a consideration for said land, plaintiff paid to defendant $450 cash, and gave two notes, one for the sum of $830, and one for the sum of $1,500, both bearing 10 per cent. interest until paid, the $830 note being a second lien note; that at the time of the purchase of said land plaintiff believed that the defendant Mrs. Mattie Bass could convey an undivided one-half interest in said land in fee simple; that said Mrs. Bass stated and represented to him that she owned the land in fee simple, and that she could legally convey it in fee simple to plaintiff, and plaintiff, relying on said statements, purchased the land and executed the notes as above mentioned; that after the purchase of said land plaintiff procured an abstract of title, and had same examined, and thereupon discovered that Mrs. Mattie Bass did not own the land in fee simple, but only owned a life estate in same. Plaintiff further averred that Mrs. Mattie Bass sold and conveyed the $1,500 note to one J. D. Gray, who is now deceased, and that said $1,500 note was held at the time said suit was brought by C. H. Gray, who inherited it from said J. D. Gray; that Mrs. Mattie Bass used the $1,500 received from said note in the purchase of the west one-half of lot 7, in block 431, and the east one-half of lot 2, in block 71, as shown by the maps and plats of Terrell; that in June, 1912, the house situated on the west one-half of lot 7, in block 431, was destroyed by fire; that said Mrs. Bass carried a policy of fire insurance in the American Insurance Company of Newark, New Jersey, for $600; that said loss had been adjusted, and said insurance company was ready to pay, and was about to pay, said $600 over to the de-

fendant Mrs. Mattie Bass. Plaintiff further alleged that said $600 of insurance money, and the two pieces of property above described, and the $830 note given to said Mrs. Bass by plaintiff, was all the property owned by said Mrs. Bass; that by reason of the representations made by defendant Mrs. Bass to this plaintiff and relied on, and acted on by him, he was entitled to a cancellation of the contract made with said Mrs. Bass, conveying said land, as aforesaid, and was entitled to recover the cash paid out, and the further sum of $1,500, as represented by the note in the hands of C. H. Gray, and was entitled to have the $600 due by said insurance company credited on said $1,500 note. Plaintiff tendered back possession of the land to said Mrs. Bass, and prayed that the deed to him from said Mrs. Bass should be canceled; that he have judgment for the amount of cash paid, and for the further sum of $1,500, and interest, and that a lien be declared to exist against the lots in the city of Terrell above mentioned, in his favor, to secure the payment of said $1,500 and interest, and that the defendant insurance company be restrained from paying said $600 to the defendant Mrs. Bass, and be required to pay said sum of $600 to plaintiff; that said Mrs. Bass be restrained from selling, or otherwise incumbering, the lots in the city of Terrell above mentioned, and for general and special relief. The defendant answered by general exception and special exceptions, general denial, and further pleaded that she owned the land sold to plaintiff, in fee simple, and alleged that she had paid $300 of her own money in addition to the $1,500 received from the sale of the note to J. D. Gray, for said lots above mentioned in the city of Terrell, and denied that she had received any cash from plaintiff for said land, and pleaded other defenses not necessary to notice here, in view of the agreed statement of facts filed herein. The case was tried by the court without a jury, and judgment rendered for plaintiff Surls, finding that John Andrews' will only conveyed a life estate to defendant Mrs. Bass, and judgment was entered in accordance with the provision of the thirteenth paragraph of the agreed statement of facts, as shown in appellant's brief"—and the case is now before us on appeal.

The case was tried upon an agreed statement of the facts, which need not be copied in this opinion. The appellant Mrs. Bass, whose maiden name was Martha Andrews, deraigned her title to the land involved in the suit through the will of her father, John Andrews, and it was agreed, in effect, that if Mrs. Bass acquired only a life estate in said land by the terms and provisions of her father's will, then the judgment of the district court should be such as was rendered by that court, but that if Mrs. Bass acquired a fee-simple estate in said land by

the terms of said will, then judgment should be rendered dissolving the injunction theretofore granted, and adjudging that plaintiff, Surls, take nothing by his suit, and that the defendant Mrs. Bass go hence and recover all costs incurred herein. The question for our decision then is: Did Mrs. Bass acquire by the terms of her father's will an absolute or fee-simple title to the land in controversy, or only a life estate? The will, after directing that the body of the testator shall be buried in a manner suitable to his circumstances and condition in life, and that all of his just debts should be paid, contains the following provision: "Third. I give, bequeath and devise to my beloved daughters Hannah Reed and Martha Andrews, share and share alike, each of my said daughters to have an undivided one-half interest in and to the following described tracts of land. The first tract being a part of the Ransom Sowell 26 Labor survey in said Kaufman county * * * containing 44 acres of land more or less, same being conveyed and deeded to me on the 22nd day of July A. D. 1876, by Henry M. Taylor as appears of record in Vol. 'U' on pages Nos. 593 and 594 in the records of said Kaufman county. The second of said tracts of land devised herein consisting of 113½ acres of land, more or less, same being divided into four surveys, one containing 11 acres, another containing 65 acres, the other two surveys containing 37½ acres, each of said surveys being situated in Kaufman county and being parts of the Ransom Sowell survey said four surveys being conveyed and deeded to me on the 12th day of January A. D. 1876, by H. G. Edwards as evidenced by his certain deed or instrument of conveyance of the last mentioned date, which appears of record in Book 'U,' pages 591, 592 and 593, in the records of deeds of said Kaufman county, and for a better and more particular description of the said four surveys demised and bequeathed herein as aforesaid reference is hereby made to the last mentioned deed of conveyance by said Edwards to me, the same being made and considered a part hereof and for purpose of obtaining a description of said four surveys, together with all and singular the rights, members and appurtenances to the same belonging or in anywise incident or appertaining. To have and to hold unto them my said daughters Hannah Reed and Martha Andrews for and during their natural lives. And after the death of my said daughters, and when their estate in the above demised land is over, I give and bequeath to the children of said daughters all of the above described real estate, the same to be equally divided between the said children of my said daughters, provided, however, that said divisions shall not be until the youngest one of said children shall reach or attain to lawful age. And it is by me directed that in the event that either of my said daughters should die and leave no issue, then the interest in and to the property bequeathed herein to the said daughter dying as aforesaid without issue shall descend to and be vested in the children of the daughter that may leave issue."

We think it very clear that the rule in Shelley's Case does not apply. The technical words "heirs" or "heirs of his body," upon which the rule is founded, are not used in the clause of John Andrews' will quoted, and upon which appellant relies to sustain her contention that under said will she acquired a fee-simple estate in the land devised to her. By the terms of the will an undivided one-half interest in the land therein described is given to Mrs. Bass to be held by her during her natural life and at her death to her children, and in the event she leaves no child or children then to the children of Hannah Reed, her sister. The bequest to take effect after the death of Mrs. Bass is not to her "heirs" or the "heirs" of Hannah Reed as a class of persons to take in succession from generation to generation, but is a gift of absolute property, to take effect at the time of Mrs. Bass' death to persons then in being, namely, Mrs. Bass' children, if any, and if none, to Hannah Reed's children. Ordinarily, "children," in its natural import, is a word of purchase, and not of limitation. Even in cases where it appears from the will or deed that the words, "bodily heirs" are used to designate "children," effect will be given to that intention, and the estate conferred will be limited to the life of the devisee or grantee, with remainder in fee to the children. Simonton v. White, 93 Tex. 50, 53 S. W. 339, 77 Am. St. Rep. 824. We conclude that by the terms of John Andrews' will only a life estate in the lands involved in this litigation was conferred upon Mrs. Bass, and the trial court correctly so held. Morris v. Eddins et al., 18 Tex. Civ. App. 38, 44 S. W. 203.

The judgment of the court below is affirmed.