## No. 10,608.

### McKay, et al. *v.* Zilar, et al.

Decided June 4, 1923.  Rehearing denied July 2, 1923.

Proceeding involving the construction of a will.  Judgment for plaintiffs.

*Affirmed.*

1. Wills—*Construction.*  A will should be so construed as to effect the purpose of the testator as manifested by the words he has employed.

2. *Construction.*  Where a testator gave a life estate in property to his two daughters, with remainders to two named children of one daughter, and to all the children of the other, share and share alike, it is held that the remaindermen would take per capita.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Messrs. Garwood & Garwood, Mr. Everett Bell, for plaintiffs in error.

Mr. B. A. Gates, Mr. Thomas R. Woodrow, for defendants in error.

*En banc.*

Mr. Chief Justice Teller delivered the opinion of the court.

The parties to this suit are the grandchildren of John Israel Brewer, and the questions raised are to be determined by an interpretation of his will. The plaintiffs in error are the children of Mrs. McKay, a daughter of the testator, and the defendants in error are the children of Mrs. Zilar, another daughter of the testator.

The defendants in error petitioned the court for a partition of the land, devised by said will, claiming each a one-eighth of it. The plaintiffs in error, by their answer, alleged that they were entitled to two-thirds of the estate, and the petitioners, as a class to the other one-third. The court sustained a demurrer to the answer, holding that, under the terms of the will, the grandchildren were entitled to share equally, taking *per capita,* and not *per stirpes.*

Counsel have discussed at considerable length the rules for interpreting wills, and it is conceded that there is an irreconcilable conflict of authorities on the question here presented. The one settled rule is, however, that a will should be so construed as to effect the purpose of the testator as manifested by the words he has employed.

The will in question gave to one daughter, Mrs. Zilar, a life estate in a tract of land in Adams County, with remainder to her children, *in esse* at the time of her death. It gave to the other daughter, Mrs. McKay, a life interest in Denver property, with remainder to her children *in*

*esse* at the time of her death.   It gave to testator's son,
John Randolph Brewer, a life estate in the eighty acres
here involved, with the water appurtenant thereto, with
remainder to the lawful children of said son, living at the
time of his decease.   Then follows the language which is
to be construed in this suit:

"In the event that there be no lawful children of my
said son John Randolph Brewer *in esse* at the time of his
death, the said land, as well as the water above mentioned
and described, shall go to and become the property, share
and share alike, of Ester McKay and Jefferson McKay,
children of my beloved daughter Mary Ellen Brewer Mc-
Kay, and the children then *in esse* of my beloved daughter
Lue Adah Brewer Zilar."

Said son died unmarried and without issue.   The ques-
tion is, did these remaindermen take *per capita,* or *per
stirpes.*   From the provisions of the will above stated, it
appears that the testator intended to make provision for
the son and daughter mentioned, for life, with remainder
to the grandchildren.   There is nothing to indicate that
he had more affection for the children of Mrs. McKay
than for the children of Mrs. Zilar.   If, as would appear,
he had the same regard for one grandchild as for another,
he would naturally make the same provision for each;
that is to say, would intend that they take under the will
*per capita,* and not *per stirpes.*   The language of the will
seems to convey this meaning when it is said that the
property "shall go to and become the property, share and
share alike, of Ester McKay and Jefferson McKay, chil-
dren of my beloved daughter Mary Ellen Brewer McKay,
and the children then *in esse* of my beloved daughter Lue
Adah Brewer Zilar."   This was the interpretation put upon
the will by the trial court.   The interpretation for which
plaintiffs in error contend, would make this phrase "share
and share alike" apply to the two McKay children as in-
dividuals and to the Zilar children as a class.   All the
devisees belong to one class, to-wit, grandchildren of the
testator.   That two of them are named specifically, while

the others are designated as children of the daughter, is not indicative of an intent to discriminate between the two families. Plaintiffs in error rely upon the fact that they are thus designated, as showing an intent to give them each one-third of the property.

As the will was made in 1907, and the petitioners sued each in his own right, it is clear that they were all in existence when the will was made. The designation of the six beneficiaries as children of the daughter, and not by name, was a natural thing to do.

As is pointed out in *Leslie v. Wilder*, 228 Mass. 343, 117 N. E. 342, in a similar case, the naming of the parent is an easy way of designating several children as remaindermen.

In 40 Cyc. 1490, it is said: "As a general rule the devisees or legatees of a will will, if possible, be construed to take *per capita* rather than *per stirpes*, unless the will shows a contrary intention on the part of the testator."

As above suggested, inasmuch as these parties all stand in the same relationship to the testator, and nothing in the will indicating a preference of one over the other, it seems reasonable to suppose that the purpose was to treat them all alike in the disposition of the property. But the rule applies even in case the relationship is different.

In a note in Annotated Cases, 1916C, on page 411, it is said:

"It is a general rule of testamentary construction that, in the absence of language indicating a contrary intent, a direction that a bequest to several persons shall be divided equally among them imports a division *per capita* and not *per stirpes*, though the beneficiaries stand in different degrees of relationship to the testator."

In an exhaustive note, beginning on page 15 of 16 American Law Reports, the editor on page 83 says:

"It is a generally recognized rule of construction that if a testamentary gift is made to one or more persons named, and the children of another person, as for instance to A and the children of B, the persons entitled will, in the

absence of anything to show a contrary intention, take *per capita,* and not *per stirpes."*

And on pages 96 and 97 he points out that the fact that all the beneficiaries stand in the same degree of relationship is a circumstance tending to support a *per capita* division. (Citing numerous cases to that effect.)

In *Osburn's Appeal,* 104 Pa. 637, it is said: "The foundation of the *per capita* rule of distribution rests in a large measure on the presumption, that when the beneficiaries are in equal degrees of relationship to the testator, his affection for each is equal, and therefore he will desire to benefit each equally."

There is ample authority for holding that where the devise is to a person by name, and to the children of another person, the devisees take *per capita.* Jarman on Wills, (6th Ed.) § 1051.

While this rule has been criticized in some cases, it is held to be too well established to be rejected. *McCartney v. Osburn,* 118 Ill. 403, 9 N. E. 210.

The adoption of the rule is not, however, necessary to an affirmation of the judgment, as it may be supported by the language of the will, considered as a whole.

Plaintiff in error contends also that the fact that Mrs. Zilar was alive when the will was made, and was living at the time when the life tenants' interest terminated, requires a *per stirpes* distribution; this, because it created an uncertainty as to the number of beneficiaries, and consequently as to the shares each would receive. We see no basis for that contention. If the testator was making provision for his grandchildren, such provision would be intended for one born after the making of the will as well as those then in existence, and if any died in the meantime, the remainder would be divided among the surviving grandchildren. That would be the natural intent of the grandfather. The technical rules worked out in some old cases, and invoked by the plaintiffs in error, must yield to the general rule that it is the duty of the court to ascertain the intent of the testator, and to interpret the will

accordingly. It would serve no useful purpose to discuss the conflicting decisions on this question.

The decision of the trial court is consistent with the language of the will, and in harmony with the natural presumptions of the case. The judgment is accordingly affirmed.

MR. JUSTICE ALLEN not participating.