(No. 31202.—

SPENCER H. WATTERSON, Appellant, *vs.* BETTY THOMPSON, Appellee.

*Opinion filed November 22, 1949—Rehearing denied Jan. 12, 1950.*

STEVENS R. BAKER, of Pontiac, for appellant.

FELLHEIMER & VICARS, of Pontiac, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

This suit, commenced in the circuit court of Livingston County, involves the construction of the seventh clause of the will of Joshua G. Chesebro, deceased. This clause is

as follows: "To my daughter, Aurelia Clarra Bell Chesebro I give and bequeath, [describing eighty acres of land] to have and to hold the same during the term of her natural life, and the remainder to the children of her body, if any there be living; if she die without issue living then the remainder to my children Esther Gennett Ross, Anna M. Chesebro, Libbie F. Chesebro, Walter B. Chesebro and Hiram M. Chesebro, to have and to hold the same to them and their heirs forever." Joshua G. Chesebro died in 1891. His daughter Aurelia, twice married, died June 1, 1948, leaving her surviving one child, Spencer H. Watterson. She also left surviving Betty Thompson, the only child of Anah Iris Campbell, a daughter of Aurelia, who died during the lifetime of her mother. Aurelia had several other children, but all of them had died prior to their mother, leaving no children or descendants of children.

The complaint in the case was filed by Spencer H. Watterson, the sole surviving child of Aurelia, against Betty Thompson, a grandchild, claiming that by the terms of the will only children, in their commonly accepted sense, take under the law, and that the term "children" did not include grandchildren. The circuit court denied the contention of plaintiff and held that the intention of the testator was to include grandchildren under the term "children" as found in the will, and therefore decreed that appellee, Betty Thompson, took a one-half interest in the land disposed of. A freehold being involved, the case comes directly to this court.

The authorities in Illinois upon this point all seem to uphold the contention of appellant. In *Arnold* v. *Alden,* 173 Ill. 229, the will provided that property go to certain trustees for the benefit of brothers and sisters, and in case of death "the child or children of a deceased brother or sister to take the same portion the father or mother would have taken if living." The court held that a grandchild of such deceased brother or sister was not entitled to any-

thing under the will, saying: "The fourth clause of the will nowhere provides, that the grandchildren of the testator's deceased brothers or sisters are to take any portion of the estate. If such grandchildren have the right to take, it must be because the words 'child or children' are so construed as to include the enlarged meaning of grandchild or grandchildren." And after reviewing the authorities it was held that a gift to children does not include grandchildren.

In *Martin* v. *Modern Woodmen of America,* 253 Ill. 400, a benefit certificate was made payable to "Hannah L., wife, and children." The deceased had a daughter who had predeceased him, leaving two children, and it was claimed that these two grandchildren had an interest in the fund. In commenting upon the description of the beneficiaries, we said: "The disputed question is whether the grandchildren were included in the description of the beneficiaries. The word 'child,' in its popular signification, means a son or daughter; a descendant in the first degree; (Webster's Int. Dict.;) and the legal meaning of the word is the same as the popular one and does not include a grandchild. The word 'children' is never extended to include grandchildren, in the absence of something in the instrument in which the word is employed showing the intention to use it with such an extended meaning or where it is necessary to render the instrument effective."

In *Hanes* v. *Central Illinois Utilities Co.* 262 Ill. 86, the suit involved the fourth clause of the will, which read: "I give and devise to my son William Thomas Keene [describing land] to have and to hold the same, * * * during his natural life, and at his death said lands hereby devised to him shall descend to his children *in fee* if he shall leave any child or children surviving him, and if not, then said lands shall descend *in fee* to his heirs-at-law." In construing this will we held that under the will the grandchildren of William Thomas Keene, the first bene-

ficiary, would take nothing, although they were his heirs-at-law, "as the word 'children,' in its ordinary significance, denotes immediate offspring, and will not be construed to mean grandchildren unless a strong case of intention or necessary implication requires it."

In *Greenfield* v. *Lauritson,* 306 Ill. 279, a will containing the following clause was construed: *"Third*—I give, devise and bequeath to my husband, T. H. Greenfield, a life interest in all my property, real, personal or mixed, situated in the State of Illinois, with remainder over at the time of his death to my children, the issue of my said husband and myself him surviving." In construing the meaning of this clause, we said: "Words and expressions used in a will are to be construed naturally and to be taken in their ordinary, proper and common acceptation, unless it clearly appears in the will that they are used in a different sense. According to the popular signification of the word 'children' it denotes the immediate offspring, and will not be construed to mean grandchildren unless a strong case of intention or necessary implication requires it. (*Arnold* v. *Alden,* 173 Ill. 229.) The language used by the testatrix so clearly shows that she used the word 'children' to mean children that there is no room for doubt."

In the case of *Bushman* v. *Fraser,* 322 Ill. 579, following these earlier cases, we said: "The word 'children' denotes immediate offspring, and will not be construed to include grandchildren unless there is something in the context which clearly manifests the testator's intention to give it such meaning."

We have thus at some length reviewed these authorities because counsel for appellee in his brief has cited nothing in opposition thereto, except certain quotations from the decisions of other States, without troubling to set out the language of the will involved in the cases cited from such States. As a matter of fact, the notation in 104 A.L.R. 291 shows that thirty-five States including this State, have

many times adopted and followed the rule found in the above cases.

It then remains to determine whether any intention appears from the language of the will which would clearly indicate that the word "children" was used in any other sense. Appellee contends that the word "issue" used in the clause manifests an intention that the grandchildren should take the same as children. However, in *Arnold v. Alden,* 173 Ill. 229, and in *Greenfield v. Lauritson,* 306 Ill. 279, we have held that the word "issue" used in the same sense as here, is synonymous with the word "children," and cannot be given the effect claimed by appellee. If the language of the will be critically examined it will be seen that the will literally requires that the remainder vest in the "children of her body." This can have no other meaning than children born to the daughter, Aurelia. These words cannot be interpreted as meaning "to Aurelia and the heirs of her body" since we have repeatedly held that the word "children" is a word of purchase and not a word of limitation, as are the words "heirs" or "heirs of the body" under the rule in *Shelley's case. Hanes v. Central Illinois Utilities Co.* 262 Ill. 86; *Beall v. Beall,* 331 Ill. 28.

While appellee contends that a grandchild should be in the same position as his father or mother, as provided by the statute of inheritance, yet, since the parties to this case claim under a will, the language of which has been construed in similar cases to exclude grandchildren, we are not at liberty to revise the will of Joshua G. Chesebro, but must construe it to mean that the living bodily child of Aurelia Chesebro, *viz.,* Spencer H. Watterson, became the only heir entitled to take the land in question.

The decree of the circuit court of Livingston County is reversed and the cause remanded, with directions to enter a decree in accordance with the prayer of the plaintiff, appellant.

*Reversed and remanded, with directions.*