No. 20,285.

MILTON H. WRIGHT, ET AL., *v.* THE POUDRE VALLEY NATIONAL BANK OF FORT COLLINS, TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF B. F. HOTTEL, DECEASED; ET AL.

(385 P. [2d] 412)

Decided September 30, 1963.

Messrs. MARCH & MARCH, for plaintiffs in error.

Mr. ALBERT P. FISCHER, Mr. WARD H. FISCHER, Mr. JAMES D. BEATTY, Mr. B. E. HAMPTON, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

B. F. HOTTEL died on January 2, 1937. The sole question presented by this writ of error concerns the interpretation of a paragraph of his will which paragraph became effective following the death of the life beneficiary, his daughter, Mary Street, in 1960. The parties will be referred to by name or as they appeared in the trial court where the Poudre Valley National Bank, *et al.*, defendants in error here, were the plaintiffs, and the Wrights, *et al.*, who are plaintiffs in error, were the defendants.

The pertinent part of the paragraph in question reads as follows:

"SECOND: Upon the death of my said daughter, my trustee shall convert my estate into money, within such period of time as said trustee may be able so to do and obtain a reasonable realization of the full value thereof and pay over the proceeds therefrom to such of my brothers and sisters who are living at the time of the death of my said daughter, share and share alike, and to the children of my deceased brothers and sisters, the amount payable to the children of such deceased brother or sister to be the amount which their ancestor would have received, had such ancestor survived by [sic] said daughter. In case all my brothers and sisters shall have pre-deceased my said daughter, then my estate shall be divided between the surviving children of my deceased brothers and sisters and the children of any thereof who are deceased, share and share alike, the grandchildren of a deceased brother or sister collectively to receive the amount their immediate ancestor would have received had such immediate ancestor survived my said daughter."

Since the testator's daughter is now deceased, and none of his brothers or sisters were living at the time of her death, the dispute revolves around the question as to whom and in what amounts distribution should be made. It appears that at the time of vesting of the interests there were two living nieces and numerous living children and grandchildren of thirteen deceased nieces and nephews.

Plaintiffs brought an action for a declaratory judgment to construe the will and to determine the whereabouts of a missing heir, one John M. Sine. Following the presentation of written briefs and oral argument judgment entered for the distribution to be made in five equal shares, being one for each of testator's brothers and sisters who had left "children or descendants capable of taking per stirpes." The reasoning of the trial court,

according to its order, was that the intention of the testator was that by using the terms "brothers and sisters" and "children of brothers and sisters" as he did, both a primary and secondary class of beneficiaries were created with the children to take by representation from their parents in the primary class. As to the missing heir, the trial court found that he is deceased and ordered his share paid to his son — no error is claimed as to that facet of the case.

The Wrights and other defendants contend, however, that it was error to order a per stirpital distribution and that there should have been a per capita distribution instead authorized to the children of testator's brothers and sisters; also, that any distribution to any descendants more remote than children of deceased nieces and nephews of testator's brothers and sisters (i.e., to several great grand nieces and nephews) should not have been ordered.

We conclude that the interpretation of the trial court was erroneous for several reasons.

■ First, the correct and paramount rule sought to be applied by the trial court was to determine the intention of the testator as determined from his entire will. *Williams v. Fundingsland,* 74 Colo. 315, 318, 221 Pac. 1084 (1923).

Second, the paragraph in question is not ambiguous, therefore the testator's intention can be gleaned from an analysis of its wording however complicated it may appear to be on first reading.

■ Third, the wording used shows that the testator made a primary per capita designation of "brothers and sisters" who were to take if living "at the time of the death of my said daughter"; he also provided in this part that children of a deceased brother or sister would take per stirpes so long as any other brothers or sisters were still living. Next, the testator provided for the contingency (which happened) as to who would take if all of his brothers and sisters were dead at the date of the

death of his daughter. It is here that he provided for his estate to "be divided between *the surviving children* of any deceased brothers and sisters *and the children of any thereof who are deceased, share and share alike, the grandchildren of a deceased brother or sister collectively to receive the amount.their immediate ancestor would have received* had such immediate ancestor survived my said daughter." Here again the testator required a per capita distribution but this time to his nieces and nephews as well as to "the children of any thereof who are deceased." He then provided that those beneficiaries in the next class, i.e., "the grandchildren of a deceased brother or sister," who of course would be the children of deceased nieces and nephews, would inherit the share of their immediate ancestors, thus providing for a per stirpital distribution to this class. Thus, under the paragraph in question the trial court should have ordered a per capita division of the estate into fifteen equal shares (one share for each living niece or nephew and one share for each deceased niece or nephew who left children surviving). Then the shares going to the "grandchildren" would devolve per stirpes.

 As to the general rules of construction which we apply favoring a per capita distribution where a bequest is made to several beneficiaries as a class see: *McKay v. Zilar,* 73 Colo. 529, 216 Pac. 534 (1923); the cases cited in Annot., 16 A.L.R. 61 et seq. (1922); and Annot., 13 A.L.R. (2d) 1032 (1950). Many cases hold that the use of such expressions as "equally between" or "share and share alike" usually require a per capita distribution. *In re Carroll's Estate,* 62 Cal. App. (2d) 798, 145 P. (2d) 644 (1944); *In re Bray's Will,* 260 Wis. 9, 49 N.W. (2d) 716 (1951); *Chisholm v. Bradley,* 99 N.H. 12, 104 A. (2d) 514 (1954). Also, when a testator has demonstrated that he knows how to provide for a per stirpital distribution and does not do so, the distribution must be per capita. *In re Davis' Estate,* 319 Pa. 215, 179 A. 73 (1935).

 A further analysis of this will reveals that in

both the primary and secondary provisions for distribution the testator made no allowances for such remote descendants as great grandchildren of his brothers and sisters. Thus, the order of the trial court in this regard was also in error. There is a well recognized difference in the cases between children and descendants, and unless the language used by a testator indicates otherwise, the word "children" will be interpreted in its primary sense, i.e., as immediate or first degree offspring. See, e.g., *In re Worstall's Estate*, 125 Pa. Super. 133, 190 A. 162 (1937); Annots., 104 A.L.R. 282 (1936); and 14 A.L.R. (2d) 1244 (1950); *Thompson, Wills*, § 273 (3rd ed., 1947). There are certain exceptions to this construction, but they are not applicable to the instant case. See Annot., 14 A.L.R. (2d) 1242, 1244 (1950).

The judgment, as to the matters in dispute on this writ of error, must be reversed with directions to enter a judgment to the effect that: (1) A per capita distribution be made as contended for by the defendants. (2) No distribution be made to any descendants more remote than the grandchildren of testator's brothers and sisters.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.