**Margaret TINDOL et al., Appellants,**

**v.**

**Ethel Lee Ellis McCOY et al., Appellees.**

**No. 1020.**

Court of Civil Appeals of Texas, Corpus Christi.

March 25, 1976.

Rehearing Denied April 15, 1976.

Hillord H. Hinson, Houston, S. Eldon Dyer, Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellants.

Allen Wood, Wood, Burney, Nesbitt & Ryan, Corpus Christi, Robert D. Nogueira, Beeville, for appellees.

## OPINION

BISSETT, Justice.

This is a will construction case. The appeal is from a judgment which denied Margaret Tindol's motion for summary judgment and granted the motion for summary judgment that was filed by Ethel Lee Ellis McCoy and Ethel Lee Ellis Parrish. Margaret Tindol, the appellant, was plaintiff in the trial court and Ethel Lee Ellis McCoy and Ethel Lee Ellis Parrish, the appellees, were defendants therein.

The take nothing judgment of the trial court, in addition to finding that there "are no disputed issues of material fact", also found:

"2. The will of John V. Ellis is unambiguous, his intentions are clear, that Ralph V. Ellis, Jr., received a life estate only, that only a natural and legitimate child or children of Ralph V. Ellis, Jr., could have taken the succeeding estate as 'a child or children of the body,' that Plaintiff herein does not fall in the class of persons to take the succeeding estate under this provision of the will."

Plaintiff has perfected an appeal from that judgment.

John V. Ellis, the testator of the will in question, executed the will in 1914 and amended it by a codicil which was executed in 1917. He died in 1917. He had three children, viz.: Wayman D. Ellis, Cyrus C. Ellis and Ralph V. Ellis. Wayman D. Ellis and Cyrus C. Ellis survived the testator; Ralph V. Ellis died in 1906 and was survived by three children, viz.: Ralph V. Ellis, Jr., Wilbur M. Ellis and Ethel Lee Ellis, all of whom survived John V. Ellis.

Wayman D. Ellis and Cyrus C. Ellis were each bequeathed one-third of the testator's personalty and were each devised certain real property in fee. The properties left to them by John V. Ellis are not involved in this suit.

Ralph V. Ellis, Jr. died in 1969. He was married but one time and no children were born to that marriage. He was survived by Doris Ellis, his wife, and by Margaret Tindol, plaintiff, who was adopted by him in 1951.

Wilbur M. Ellis died in 1946. He was survived by Ethel Lee Ellis Parrish, his only child, who was legitimate and a child of his body. She is one of the defendants in the case.

Ethel Lee Ellis (McCoy) was living at the time judgment was rendered. She is also a defendant in the case.

Plaintiff claims that she owns the fee title to certain lands devised by the testator, particularly to all of the real property devised under a section of the will, denominated "Item Seven". She contends that she is entitled to the land in question under the

will of John V. Ellis directly, under the Rule in Shelley's case, and because: 1) she was not precluded by the will from taking by being an adopted child of Ralph V. Ellis, Jr.; 2) by operation of the doctrine of definite failure of issue; 3) by operation of the doctrine of indefinite failure of issue (points 1, 2, 3 and 4).

The very first part of "Item Seven" devised certain real property to Ralph V. Ellis, Jr. "for the full term of his natural life", and specifically stated that "the said Ralph V. Ellis, Jr. shall never take any fee-simple title to any part of said land". Provisions were made in case Ralph V. Ellis, Jr. did not survive the testator.[1] Since he was alive at the time the testator died, those provisions have no bearing on this appeal, the pertinent parts of which are quoted in the footnote, except insofar as they may affect the question of whether Ralph V. Ellis, Jr. took a fee under "Item Seven" by operation of the doctrines of definite failure of issue or indefinite failure of issue, as urged by plaintiff in points 1 and 2.

"Item Seven" of the will further provided:

"If Ralph V. Ellis Jr. should outlive me, thereby really and actually becomming entitled in his own proper person to possession and enjoyment of the life estate herein created for his use and benefit, then upon the ending and termination of his said life estate . . . and in such event, the life estate in the real estate so affected by the ending and termination of the life estate of Ralph V. Ellis Jr., but not the immediate fee-simple legal title to the corpus, or body, of such real estate so affected, shall pass immediately, but only for the specifically limited time of twenty (20) years, in the same succession, to the same persons, and in the same portions, named or designated in this Item (7) to have taken a life interest in said real estate direct from me, had I outlived my grand-son Ralph V. Ellis Jr."

Identical devises were made to the testator's grandson Wilbur M. Ellis in "Item Six" of the will, and to the testator's granddaughter Ethel Lee Ellis in "Item Five" of the will. The only difference in the language used was the name of the respective devisee and the description of the property therein contained.

It was stated in "Item Fifteen" of the will that "the life estate anywhere in this will . . . shall become effective and

---

1. "Item Seven. I will, give, devise, and bequeath to my grand-son Ralph V. Ellis, Jr. (a minor) the son of my deceased son, Ralph V. Ellis, for the full term of his natural life, the use, occupancy, and enjoyment, including all the usufruct, rents, revenues, profits and earnings therefrom, to belong to him, from the following described property, pieces, and parcels of land, to wit . . . But the said Ralph V. Ellis, Jr. shall never take any fee-simple title to any part of said land; . . . If Ralph V. Ellis should die before I do, then all that he would have taken as a life estate had he survived my death, shall pass . . . in equal shares to such children born to his body as shall be living at the time of my death, for the terms of their natural lives; provided, that if at the time of the death of Ralph V. Ellis, Jr., any child born to his body, shall also be dead leaving it surviving a wife, child or children, then such surviving wife, child or children of such deceased child of Ralph V. Ellis, Jr., as shall survive my death, shall take, per stirpes, during the remainder of the life of that child of Ralph V. Ellis, Jr., living the longest, such portion as its deceased parent (the deceased child of Ralph V. Ellis Jr.) would have taken, thus and thereby making the last life estate created by this Item (7) to cease and end with the death of that child, born to the body of Ralph V. Ellis, Jr., that lives the longest; but if any child born to the body of Ralph V. Ellis Jr. should die before the death of Ralph V. Ellis Jr. without leaving it surviving a wife, child or children, then the portion which it would have taken hereunder shall pass in equal shares to those of its brothers and sisters who shall survive my death, during the term of their natural lives. But if Ralph V. Ellis Jr. should die before I do, without leaving surviving him, a child or children born to his body, and without leaving surviving him any other person designated in this Item (7) to take after him, then and in those events the life estate which Ralph V. Ellis Jr. would have taken under this Item (7) had he outlived me, shall be divided equally among his brothers and sisters of the whole blood (meaning those brothers and sisters born to the body of Ralph V. Ellis Sr.) who shall be living at the time of my death, and to such of their heirs at law (of the whole blood of Ralph V. Ellis Sr.) as would take personal property at the date of this will according to the Texas laws of descent and distribution."

operative immediately upon my death", that the "twenty year-term estate" shall "begin to run" upon the death of the life tenant, and that: ·

". . . immediately upon the ending and termination of such twenty year term—estate, the fee-simple, legal title shall vest . . . absolutely in the persons then living who are using and enjoying, or who are entitled to use and enjoy said twenty years term-estate at the time of its termination . . . ."

Ralph V. Ellis, Jr., under "Item Twenty" of the will, was devised in fee one-ninth (⅑) of all the rest and residue of the testator's estate, and "in the event of the prior death" of Ralph V. Ellis, Jr., then "the children born to the body (of Ralph V. Ellis, Jr.)" shall take what he would have taken. The same devise and bequest was made to Wilbur M. Ellis and Ethel Lee Ellis.

■ It is well settled in this State that the primary consideration to be given the construction of a will is the intent of the testator. *Sellers v. Powers*, 426 S.W.2d 533 (Tex.Sup.1968); *Federal Land Bank of Houston v. Little*, 130 Tex. 173, 107 S.W.2d 374 (Tex.Com.App.1937, opinion adopted).

The intentions of the testator are clear. He had, first, a plan for disposing of the lands which he gave to his grandchildren, Ralph V. Ellis, Jr., Wilbur M. Ellis and Ethel Lee Ellis, for life, in the event any of them predeceased him, with or without leaving surviving children of their body or children (and a wife) of such a deceased child. He had a second plan for disposing of the lands in the event the grandchildren survived him. However, the estate in remainder, under each plan, became vested within the time provided by the rule against perpetuities. Since Ralph V. Ellis, Jr. outlived John V. Ellis, the testator, we are not here concerned with the first plan provided in the will. Under the second plan, with which we are concerned, in the event Ralph V. Ellis, Jr. survived the testator, which he did, but had no children born to his body, which was the case, then the life estate which was given to Ralph V. Ellis, Jr. passed at his death to his brother

and sister for 20 years and vested in them at the end of the 20-year period. The possibility that the estate for years may have merged into the vested remainder is not involved in this appeal and we express no opinion thereon or with respect thereto. The issue to be decided is whether or not Margaret Tindol, the plaintiff, inherited directly from the testator an interest in any of the lands described in Items Five, Six and Seven of the will.

The rule in Shelley's case is defined in *Hancock v. Butler*, 21 Tex. 804 (1858):

" '. . . when a person takes an estate of freehold, legally, or equitably, under a deed, will, or other writing, and in the same instrument, there is a limitation, by way of remainder, either with or without the interposition of another estate, of an interest of the same legal or equitable quality, to his heirs, or heirs of his body, as a class of persons, to take in succession, from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate'."

The rule in Shelley's case was abolished by Acts of the 58th Legislature, Ch. 199, § 1, effective January 1, 1964. Tex.Rev. Civ.Stat.Ann. Art. 1291a (1964). However, it was therein provided that the Act (abolishing the Rule) does not apply to conveyances or wills which took effect prior to January 1, 1964. The will in this case became effective before that date.

The question for decision is whether the words "children born to his body", as used by the testator, are words of purchase or of limitation. For the rule in Shelley's case to have application in this case, the words "children born to his body" must be construed as words of limitation. "In a will, words of limitation are those which do not give the estate imported by them originally to the person described, but only extend the ancestor's estate to an estate of inheritance descendible to such persons . . . [W]ords of purchase are words designating a particular class, who are to take, not through or from an ancestor, but from the devisor." 96 C.J.S. Wills § 804.

In order to sustain plaintiff's contentions that Ralph V. Ellis, Jr. took a fee under the will, we would be required to convert the words "children of his body" into "heirs generally". To do that, it would be necessary to find that the testator intended to use such words in the technical sense of "heirs" so as to pass the estate devised in "Item Seven" from person to person through successive generations in regular succession. *Hancock v. Butler,* supra; *Robinson v. Glenn,* 150 Tex. 169, 238 S.W.2d 169 (1951); *Crist v. Morgan,* 245 S.W. 659 (Tex. Com.App.1922, jdgmt. adopted).

In *Daugherty v. Manning,* 221 S.W. 983 (Tex.Civ.App.—San Antonio 1920, writ dism'd), the deed in question conveyed a life estate in the land to Martha Ann Riggle, and at her death the remainder of the land was conveyed to her children "or their descendants in the same proportion as is prescribed by the laws of descent and distribution". The Court, at page 988 of the published opinion, said:

". . . The use of the word 'children' describing remaindermen, shows the intention of grantor to use words of purchase and not of limitation, and to create a life estate with a remainder. . . ."

In *Watterson v. Thompson,* 404 Ill. 515, 89 N.E.2d 381 (1949), the subject of an annotation in 14 A.L.R.2d 1234, the Supreme Court of Illinois reached the conclusion that the words "children of her body" are words of purchase and not of limitation, mean immediate offspring only, and cannot be interpreted as meaning "heirs". A similar construction has been given to the word "children" by the courts of this State. *Briggs v. Peebles,* 144 Tex. 47, 188 S.W.2d 147 (1945); *Bartlett v. Terrell,* 292 S.W. 273 (Tex.Civ.App.—San Antonio 1927, writ ref'd); *Dallmeyer v. Hermann,* 437 S.W.2d 367 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ); *Bass v. Surls,* 153 S.W. 914 (Tex.Civ.App.—Dallas 1913, no writ); 61 Tex.Jur.2d, Wills § 189.

■ The remainder, after the termination of any and all life estates and following the end of estates for years (the 20-year term), was vested by "Item Fifteen" of the will. Under the pleadings and summary judgment evidence here presented, since Ralph V. Ellis, Jr. survived the testator and as there were no children born to his body, the remainder became vested in the defendant Ethel Lee Ellis McCoy (the sister of Ralph V. Ellis, Jr.), and in the defendant Ethel Lee Ellis Parrish, the sole child of the body of Wilbur M. Ellis (the brother of Ralph V. Ellis, Jr.), who died in 1946, subject, possibly, to the enjoyment of the estate in remainder being postponed until the termination of a 20-year term that began on the date of death of Ralph V. Ellis, Jr.

It is manifest that the testator intended to designate only that group of persons who would take initially after the death of Ralph V. Ellis, Jr., the first taker. The words "children born to his body" were intended by the testator to be words of purchase, not of limitation. We so hold. See *Hopkins v. Hopkins,* 103 Tex. 15, 122 S.W. 15 (1909). Ralph V. Ellis, Jr. took a life estate only, and did not take a fee simple estate.

Plaintiff was adopted by Ralph V. Ellis, Jr. in 1951. She contends that the testator, by his use of the phrase "children born to his body" did not mean to exclude adopted children from taking under his will. She argues that the word "children", when used in a will, includes adopted children, absent any language to the contrary. She petitions this Court to construe the will in question in the light of contemporary laws and modern concepts of social morality because the views of the present-day generation are much more humane and compassionate and in tune with civilized society. She states that a family of today is made up of emotional and spiritual experiences demonstrated by love and understanding, rather than by mere biological identity. That may be correct; however, that is not the issue before this Court. The question here presented is whether or not such asserted modern concepts and laws are applicable to a will which was made in 1914, and probated in 1917.

It has long been settled that the words "child" or "children of the deceased or their

descendants" does not include an adopted child. *Murphy v. Slaton*, 154 Tex. 35, 273 S.W.2d 588 (1954); *Harle v. Harle*, 109 Tex. 214, 204 S.W. 317 (1918).

*Cutrer v. Cutrer*, 162 Tex. 166, 345 S.W.2d 513 (1961), is almost directly in point. There, trusts for life were established for each of the children of the settlor, and the remainder was vested in the beneficiary's child or children. One of the beneficiaries of a particular trust had an adopted child who sought a portion of the trust after the death of his adoptive father. The Supreme Court denied a recovery, and stated:

". . . it is generally held that an adopted child is not entitled to property conveyed or devised to the 'children' of the adoptive parent unless a contrary intent is disclosed by additional language or circumstances. . . ."

In *Decker v. Elliott*, 425 S.W.2d 880 (Tex. Civ.App.—Fort Worth 1968, writ ref'd n. r. e.), the testatrix died in 1934 and left a will that devised a life estate to her daughter, with remainder to her daughter's child or children. The adopted child of the daughter attempted to take the remainder. The court cited *Cutrer* as authority for the rule that an adopted child cannot take a remainder designated to go to a child or children of the holder of the life estate unless the will shows such an intent by the testator. The court also held that the testatrix's failure to consider the possibility of adoption did not imply that she intended to include adopted children as persons who could take the remainder.

A will is to be construed by the law as it exists at the date of death of the testator. The arguments advanced by plaintiff concerning her right to take as an adopted child of Ralph V. Ellis, Jr. cannot be sustained by the law as it existed in 1917, when the testator died. There is no language in the will of John V. Ellis which either states or reasonably supports an inference that he intended for an adopted child to take under his will. Plaintiff is not included within the class identified as "children born to his body". She is not entitled to take under the will as an adopted child of Ralph V. Ellis, Jr.

Plaintiff further contends that the remainder to the blood brothers and sisters of Ralph V. Ellis, Jr. was contingent upon his death occurring before the death of the testator, and that since he outlived the testator he took a fee simple estate because of the operation of either the doctrine of definite failure of issue or that of indefinite failure of issue. A "definite failure of issue" means a failure of issue at some specified time. An "indefinite failure of issue" means a failure of issue at any time.

In the instant case, there is no language in the will, in "Item Seven" or elsewhere, that purports to give to Ralph V. Ellis, Jr. anything more than a life estate in any real property. There are no words used by the testator in the will which indicate that he intended to create an estate of inheritance and to exclude collateral heirs. There is nothing in the will which suggests an intent by the testator to restrict the estate to the lineal descendants of Ralph V. Ellis, Jr. beyond either the children of his body or the children of such a deceased child. Nowhere in the will does the testator use the words "to the heirs of his body", or "to his heirs", or "to his issue". A fair construction of the will will not support a finding that the words "children born to his body" were intended as words of limitation. There is no basis for a holding that the language used in "Item Seven" created a fee tail in Ralph V. Ellis, Jr. There was no limitation to Ralph V. Ellis, Jr. for life, remainder to the heirs (or issue) of his body, with a gift over to his brother and sister if he died without leaving heirs or issue of his body. The testator did not create "an alternative contingent remainder over in Ralph V. Ellis, Jr.'s brother and sister, contingent upon Ralph's death without issue", as argued by plaintiff in her brief. There is nothing in the will which shows that the testator "intended that Ralph V. Ellis, Jr. must die without surviving children prior to testator's death for the alternative contingent remainder over to become a present interest", as contended by plaintiff.

The rule in Shelley's case has no application to the case at bar. The clear and unmistakable intent of the testator to give only a life estate to Ralph V. Ellis, Jr. in the subject property, the fact that there is no language in the will which will support a finding that the testator intended to create an estate of inheritance and to exclude collateral heirs, plus the fact that the testator intended to vest the remainder in the brother and sister of Ralph V. Ellis, Jr. in the event there were no children born to his body, prevents any holding that Ralph V. Ellis, Jr. took a fee simple estate by operation of either the doctrine of indefinite failure of issue or the doctrine of definite failure of issue. Since Ralph V. Ellis, Jr. took only a life estate in the land described in "Item Seven", plaintiff, either as an adopted daughter or as an heir at law of Ralph V. Ellis, Jr., has no interest in any of the properties devised by John V. Ellis by his will. Plaintiff's points 1, 2, 3 and 4 are overruled.

Plaintiff further asserts that the "trial court erred in ruling that there were no material facts to be determined by the jury" (point 8). In support of that assertion, she argues that her pleadings allege that she, though illegitimate at birth and later adopted by Ralph V. Ellis, Jr., her biological father, is a child of the body of Ralph V. Ellis, Jr., and is, therefore, entitled to take under the will of John V. Ellis. She contends that she has, by her pleadings, raised a material fact issue, which, accords her, at the very least, the right to a trial on that issue if there is the slightest doubt as to the existence of that fact.

The question really becomes whether or not an illegitimate child is included within the definition of "children born to his body". It has been held by the Supreme Court of Texas that the term "child", or "issue", or "children", without more, does not include illegitimate children. *Hayworth v. Williams*, 102 Tex. 308, 116 S.W. 43 (1909); *Harle v. Harle*, supra. See also 34 A.L.R.2d 4.

The words "children born to his body" in a will that was made in 1914, and probated in 1917, means prima facie legitimate children, and they cannot include illegitimate children unless a plain intention to so include them can be found on the face of the will itself. There is no such indication here. Plaintiff would not be entitled to take under the will of the testator even if she proved that she was the illegitimate child of Ralph V. Ellis, Jr. There are no material facts in dispute. Plaintiff's point 8 is overruled.

We have carefully considered all of plaintiff's remaining points of error. They have no merit. All such points are overruled.

A correct judgment was rendered. The judgment of the trial court is AFFIRMED.