645 P.2d 986

The PORTALES NATIONAL BANK as Trustee under the Testamentary Trust Established in the Last Will and Testament of M. H. McGrail, deceased, Plaintiff-Appellee,

v.

Margaret McGrail BELLIN, Donald E. McGrail, Margaret O'Rourke Chasteen, Katherine O'Rourke Mayer, Frances O'Rourke Fransen, Michael J. O'Rourke, Eleanor O'Rourke Stewart, Cletus J. O'Rourke, Mary O'Rourke Seguin, Rita O'Rourke Bradley, Agnes Feraud, Helen D. Wilmesmeier, and All Other Heirs of M. H. McGrail, deceased, Defendants-Appellees,

and

John Paul Best, Defendant-Appellant,

and

Richard Alan McGrail, James Leonard McGrail, and Ronald Edward McGrail, Defendants-Appellants.

Nos. 5375, 5386.

Court of Appeals of New Mexico.

May 18, 1982.

Nancy S. Cusack, Cusack & Fleming, Roswell, for defendants-appellants Richard Alan McGrail, et al.

F. Randolph Burroughs, Burroughs & Rhodes, Alamogordo, for defendant-appellant John Paul Best.

Kenneth L. Harrigan, Kathryn R. Monaco, Zachary L. McCormick, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, James T. Jennings, Jennings & Christy, Roswell, for defendants-appellees Margaret McGrail Bellin, et al.

## OPINION

DONNELLY, Judge.

On appeal, we review two separate orders from the District Court of Roosevelt County, granting summary judgment against different claimants to the estate of M. H. McGrail. Both appeals have been consolidated for hearing before this court.

Appellee Portales National Bank, (Bank), in its capacity as testamentary trustee under the Last Will and Testament of M. H. McGrail, deceased (decedent), filed suit for declaratory judgment seeking construction of decedent's testamentary trust. Decedent's will was previously formally probated in the District Court of Sierra County. The court's order settling the estate determined that decedent left all of his property to the Bank as trustee on behalf of certain beneficiaries and determined the individuals who were decedent's surviving heirs. The final order settling the estate in Sierra County did not, however, undertake to determine which of decedent's surviving heirs were beneficiaries under the testamentary trust.

To determine which and to what extent testator's heirs were trust beneficiaries, the Bank initiated the declaratory judgment action.

Paragraph three of the will provided in, applicable part:

I give, devise and bequeath unto the Trust Department of Portales National Bank * * * all of my property, real, personal or mixed, which I may own or to which I may be entitled, IN TRUST, NEVERTHELESS, FOR THE FOLLOWING USES AND PURPOSES:

Said Trustee shall handle the affairs of my estate, make collection of rental income and do and perform all necessary acts and things to carry out the provisions of this Trust.

I direct said Trustee to make distribution of the proceeds from such Trust Estate, such proceeds to be divided equally among my brothers and sisters, namely: Michael A. McGrail, Richard McGrail, Margaret McGrail and Frances McGrail O'Rourke, all of Chicago, Illinois, and Helen McGrail of Casper, Wyoming, said brothers and sisters being hereinafter referred to as Beneficiaries. If any of said brothers and sisters predecease me, the interest that would have gone to such deceased Beneficiary under this my Last Will and Testament shall pass to and vest in his or her children in the amount that the brother or sister would have taken if said Beneficiary had survived me, such share to be equally divided among the children of any brother or sister who fails to survive me.

Said Trustee shall have all necessary power and authority to handle my said estate to the end that as much of my estate shall pass to my brothers and sisters, or their children, as may be possible.

Decedent had nine brothers and sisters, only one of whom (Margaret McGrail Bellin) was living at the time of the execution of decedent's will. Decedent's siblings who predeceased him were: Michael, Richard,[1] Frances,[2] Helen, John, Charles, James, and Grace Margaret McGrail Doyle.[3]

Appellees, Margaret McGrail Bellin (decedent's only surviving sister); the eight children of decedent's sister, Frances McGrail O'Rourke; and Donald McGrail, the only surviving child of decedent's brother Richard P. McGrail, moved for summary judgment, seeking a determination that they were the sole beneficiaries under decedent's testamentary trust.

The summary judgment orders entered by the trial court ruled as follows:

1. Margaret McGrail Bellin is entitled to one-third of decedent's trust estate;

2. Donald E. McGrail is entitled to one-third of decedent's estate;

3. The eight surviving children of Frances McGrail O'Rourke, namely Margaret, Katherine, Frances, Michael, Eleanor, Cletus, Mary and Rita, are each entitled to a 1/24th share of decedent's trust estate;

4. That Richard Alan McGrail, James Leonard McGrail and Ronald Edward McGrail, (the grandchildren of decedent's brother Richard, by Richard J. McGrail), were not beneficiaries under the will; and

5. That Agnes Doyle Feraud and Helen Doyle Wilmesmeier, (the grandchildren of decedent's sister Grace Margaret McGrail), and John Paul Best, (the great-grandchildren of decedent's sister Grace Margaret McGrail, by Sadie), were not beneficiaries under the will.

Following the entry of the orders granting summary judgment by the district court, all of the parties entered into a written stipulation, which designated all of decedent's surviving heirs and their relationships to decedent. The parties further agreed that the Bank, as trustee under decedent's will, should terminate the trust and distribute the proceeds following judicial determination of the beneficiaries.

In one of the two consolidated appeals before us, appellants Richard A., James L. and Ronald E. McGrail contend that the trial court erred in granting summary judgment because of (1) the existence of material facts concerning decedent's testamentary intent; and (2) the provisions of the anti-lapse statute, § 45-2-605, N.M.S.A.1978, are operative to reserve for them the share

---

1. Decedent's brother Richard P. McGrail predeceased him, leaving two sons, Richard J. McGrail and Donald McGrail. At the time of decedent's death, Richard J. McGrail had died, leaving three children (decedent's grandchildren: Richard A. McGrail, James McGrail, and Ronald McGrail).

2. Decedent's sister Frances McGrail O'Rourke predeceased him, leaving eight children (all of whom are presently living): Margaret Chas-teen, Katherine Mayer, Frances Fransen, Michael O'Rourke, Eleanor Stewart, Cletus O'Rourke, Mary Seguin, and Rita Bradley.

3. Grace Margaret McGrail Doyle also predeceased decedent, leaving three children: Agnes, Helen and Sadie. Sadie also predeceased decedent and left surviving one son, John, who is still living.

to which their father, Richard J. McGrail, would have been entitled, except for his death. These three appellants claim as grandchildren of decedent's brother, Richard McGrail, who was named in the will. Richard McGrail died leaving two surviving children: Richard J. McGrail and Donald McGrail. Donald E. McGrail is still living and is an appellee herein. Richard J. McGrail died leaving three surviving children, Richard A., James and Ronald McGrail, the appellants herein.

The other of the two consolidated appeals is taken by heirs John Paul Best. Appellant Best also claims the trial court erred in granting summary judgment against him because of the existence of material issues of fact which should be resolved by the jury.

Appellant Best is the adopted son of Sadie Frances Best, deceased. Sadie Frances Best was the daughter of Grace Margaret Doyle, a sister of decedent. Specifically, appellant Best contends that because decedent had nine brothers and sisters, only one of whom survived the decedent, and paragraph three of the will leaves property only to four named brothers and sisters or their children, decedent's dispository language is ambiguous and gives rise to a material issue of fact as to whether the intent of the testator was to designate all his brothers and sisters as beneficiaries *or* only his named brothers and sisters. Appellant Best also argues that decedent had two sisters whose names were Margaret (Margaret McGrail Bellin, appellee, and Grace Margaret Doyle, his grandmother), and that this raises an issue of fact as to which sister decedent intended to refer to as a beneficiary under his will.

Additionally, appellant Best argues that a disputed factual issue exists under paragraph three of decedent's will as to whether the testator intended the term "children" to encompass a person who is a grandchild of a sister or brother of decedent.

In response, appellees argue that since John Paul Best is a grandchild of Grace Margaret McGrail Doyle, to prevail on appeal he must show not only that decedent intended to include as beneficiaries under his will the unnamed brothers and sisters of decedent not listed in the will, but also that "children" of named brothers and sisters, as used in the will by decedent was intended to include "grandchildren."

Because all appellants are grandchildren of decedent's siblings, the dispositive issue in this appeal is whether grandchildren can share in decedent's estate under the will.

Appellees first contend that the trial court properly awarded summary judgment against appellants because no genuine issue of material fact existed as to the intention of the testator in disposing of his property under his will to children of siblings and that the language of decedent's will was clear and unambiguous.

Appellees' motions for summary judgment were not accompanied by any supporting affidavits. In opposition to the motions of appellees, however, appellants submitted affidavits by seven persons and relied upon answers to interrogatories and other pleadings filed of record. The responsive affidavits asserted, among other things, that decedent had no known animosity toward any of his other brothers and sisters not specifically named in the will; that decedent had lost track of certain members of his family; that decedent intended to distribute all of his estate to all of his surviving brothers and sisters or to their children or grandchildren; and that decedent's will erroneously identified some of his brothers and sisters as to location and status.

Appellants assert that since appellees failed to file any supporting affidavits in support of their motion for summary judgment, the affidavits filed by appellants in opposition to the motion are controlling. *See Baldwin v. Worley Mills, Inc.,* 95 N.M. 398, 622 P.2d 706 (Ct.App.1980), *cert. quashed,* 95 N.M. 426, 622 P.2d 1046 (1981).

■ Affidavits in support of motions for summary judgment, while generally advisable, are not imperative under our rules of pleading. *See Matkins v. Zero Refrigerated Lines, Inc.,* 93 N.M. 511, 602 P.2d 195 (Ct.

App.1979). As noted in J. Walden, Civil Procedure in New Mexico, § 10(d), at 254 (1973):

> Any party to an action may move for summary judgment at any time either with or without affidavits, * * *.
>
> A motion for summary judgment may be made solely on the pleadings, and when it is, it has the same function in the case as a motion to dismiss or a motion for judgment on the pleadings.

■ In summary judgment proceedings, affidavits relied upon by either party must set forth such facts as would be admissible in evidence. Conclusions stated in an affidavit, unsupported by any factual basis, or matters contained in affidavits which are not properly admissible in evidence are not sufficient to raise issues of material fact. *Smith v. Klebanoff*, 84 N.M. 50, 499 P.2d 368 (Ct.App.), *cert. denied*, 84 N.M. 37, 499 P.2d 355 (1972). Summary judgment is proper if sufficient undisputed facts support the judgment and disputed facts relate to immaterial issues. *Oschwald v. Christie*, 95 N.M. 251, 620 P.2d 1276 (1980).

■ Construction of a will is a question of law that may be determined on a motion for summary judgment where the will is unambiguous and no material issue of fact exists concerning the testator's intention as represented in the applicable portion of the instrument. *In re Estate of Ensminger*, 144 Ind.App. 338, 246 N.E.2d 217 (1969); *Estate of Toeplitz*, 84 Misc.2d 607, 376 N.Y. S.2d 889 (1975). Thus, the threshold issue posited by appellants is whether the language of decedent's will is ambiguous in its description of the persons intended by him to take as beneficiaries.

■ Unless the material and relevant provisions of decedent's will are found to be ambiguous, interpretation of its provisions is a matter of law, not an issue of fact.

As set forth in *In Re Estate of Zahradnik*, 6 Kan.App.2d 84, 626 P.2d 1211 (1981):

> The critical test in determining whether a will is ambiguous is whether the intention of the testator or testatrix can be determined from the four corners of the instrument itself. If the testamentary intention can be gleaned from the face of the will, ambiguity does not exist; otherwise it does.

■ The same rule was succinctly expressed in *New Mexico Boy's Ranch, Inc. v. Hanvey*, 643 P.2d 857 (N.M.1982). Where a will is unambiguous, extrinsic evidence is not admissible to vary, contradict or supplement the language of a will, or to give a different intention on the part of the testator from that stated in the will itself. *Lamphear v. Alch*, 58 N.M. 796, 277 P.2d 299 (1954); *Estate of Riemcke v. Schreiner*, 80 Wash.2d 722, 497 P.2d 1319 (1972).

■ Whether an instrument is ambiguous is a question of law. *Young v. Thomas*, 93 N.M. 677, 604 P.2d 370 (1979). In construing a will, the court must ascertain the intent and meaning of a testator from the instrument itself, unless ambiguity appears in a material provision. *Delaney v. First National Bank in Albuquerque*, 73 N.M. 192, 386 P.2d 711 (1963); *Lamphear v. Alch, supra.*

If decedent's will is found to be ambiguous as to any material provision thereof, or as to the persons named as beneficiaries therein, the grant of summary judgment was improper.

Decedent's will specifically left his property in trust to the Bank for the beneficiaries named by him therein, or if any brother or sister predecease him, such share to be equally divided among the "*children* of any brother or sister who fails to survive me."

■ Decedent's will is not ambiguous as to the term "children" as employed therein, and extrinsic evidence is not admissible to vary the meaning thereof. *See In re Villalonga's Will*, 6 N.Y.2d 477, 190 N.Y. S.2d 372, 160 N.E.2d 850 (1959); *In re Estate of Price*, 75 Wash.2d 884, 454 P.2d 411 (1969); *cf. Wright v. Poudre Valley National Bank of Fort Collins*, 153 Colo. 255, 385 P.2d 412 (1963). Absent any indication in the will itself that the testator intended otherwise, the customary and normal meaning of the words as written should prevail.

See *Lamphear v. Alch, supra.* Moreover, the Probate Code, § 45–1–201(3), N.M.S.A. 1978, defines "child" to exclude "any person who is only a stepchild, a foster child, a grandchild or any more remote descendant; * * *."

Appellants argue that the definition of "child" as contained in the Probate Code, § 45–1–201(3), which excludes "grandchildren," is not controlling since the testator may not have intended to employ the same meaning to the term "children" as appears in the statute.

Appellants further argue that extrinsic evidence was produced in the affidavits in opposition to the motion for summary judgment, raising an issue of material fact as to whether the testator, as a layman, intended the term "children" to include grandchildren. In response, appellees argue that since decedent's will was drawn by a lawyer, a presumption exists that the word "children" was correctly used as a technical term in the will. *See* 4 Page on Wills, § 30–9 at 63 (Bowe-Parker rev. 1961). As a general rule however, matters extrinsic to the four corners of the will are properly admissible only where the will on its face is ambiguous. *Lamphear v. Alch, supra.*

Appellants further contend that to uphold the ruling of the trial court below is to construe the will too narrowly, has the effect of disinheriting them, and is counter to the presumption against disinheritance. *Baldwin v. Hambleton*, 196 Kan. 353, 411 P.2d 626 (1966). The presumption, however, is a rule of construction which is only applicable where the will is ambiguous. *In re Villalonga's Will, supra; see Lamphear v. Alch, supra.*

The trial court properly ruled as a matter of law that the language of decedent's will was unambiguous as to decedent's intention to name as beneficiaries under his will any "children" of his brothers or sisters who may have predeceased him. The term "children" as used in a testamentary disposition, does not include the term "grandchildren" unless an intention to give it the extended meaning appears clearly in the will or by necessary implication. *See Wat-*

*terson v. Thompson*, 404 Ill. 515, 89 N.E.2d 381, 14 A.L.R.2d 1239 (1949); *Benners v. First Nat. Bank of Birmingham*, 247 Ala. 74, 22 So.2d 435 (1945). *See also* Annot., 1936 A.L.R. 282, 14 A.L.R.2d 1242, 1244 (1950). Under the facts of this case, extrinsic evidence is not admissible to alter the meaning of "children" as employed in decedent's will.

Additionally, appellants allege that the provisions of the anti-lapse statute, § 45–2–605, *supra*, are applicable to prevent lapse of the interests that their respective parents would have taken, and to entitle them to such interests as surviving children of named beneficiaries. The anti-lapse statute states that it applies only to the issue of a *devisee* related to a decedent who has predeceased the testator. As provided in § 45–1–201(7), N.M.S.A.1978, "In the case of a devisee to * * * a trustee on trust described by will, the trust or trustee is a devisee and the beneficiaries are not devisees." Under the will in this case, the Bank was the devisee and the named siblings of decedent were beneficiaries. The anti-lapse statute is inapplicable to decedent's testamentary dispositions.

Under the state of record herein, the trial court properly found no ambiguity in the controlling provisions of decedent's will as they relate to appellants' claims, and the court correctly interpreted the unambiguous language thereof as a matter of law. Moreover, the trial court could properly determine as a matter of law that appellants, as grandchildren of decedent's siblings, were not included under the anti-lapse statute as beneficiaries of the testamentary trust.

Finding no error, the judgments of the trial court are affirmed. Appellants shall pay the costs of this appeal.

IT IS SO ORDERED.

WALTERS, C. J., and SUTIN, J., concur.