90 N.J. Super. 498 (1966)
218 A.2d 175
IN THE MATTER OF THE ESTATE OF MARY COMLY, DECEASED.
Superior Court of New Jersey, Gloucester County Court, Probate Division.
Decided March 1, 1966.
*499 Mr. David E. Crabtree, attorney for plaintiff Helen B. Heughan.
Messrs. Hannold & Hannold, attorneys for First County National Bank & Trust Company, trustee under will of Mary Comly, deceased.
Mr. Joseph H. Enos, attorney for defendant Dorothye Comly Crawford.
Mr. Samuel P. Comly, III, pro se.
KRAMER, J.C.C.
This is a proceeding brought by Helen B. Heughan, an adopted daughter of Captain Samuel P. Comly, Jr., to compel distribution to her of a one-third portion of a trust fund established under the will of Mary Comly, Captain Comly's half-sister. (Captain Comly is referred to in the will merely as "my brother.") The basis of plaintiff's claim is that she is a daughter of Captain Comly within the meaning of the fifth clause of the will of Mary Comly.
The First County National Bank and Trust Company of Woodbury, the substituted trustee, and the two natural children of Captain Comly, Dorothye Comly Crawford and Samuel P. Comly III, are joined as parties defendant. Depositions were taken of plaintiff Helen B. Heughan and Captain Comly, and oral arguments on the order to show cause were heard by the court on December 10, 1965. Briefs have been filed by all parties and all facts necessary to reach a decision are before the court.
*500 The central question in this action is whether an adopted adult may inherit the same as the natural children of the adoptive parent under the will of a third party.
Mary Comly died July 22, 1936. Her will, dated June 23, 1936, was probated in the Gloucester County surrogate's court August 5, 1936. The fifth clause of that will provides:
"FIFTH: I give, devise and bequeath all of the rest, residue and remainder of my estate, of whatsoever kind and wheresoever situate, of which I may die seized or possessed, unto Edmund H. Carpenter of Woodbury, New Jersey in trust, nevertheless to invest reinvest and keep the same invested, and herein order and direct that all income on the said trust fund shall be accumulated and added to the principal of the said trust fund until such time as the child or children of my brother Samuel P. Comly, Jr. shall have graduated from the Woodbury High School, or such high school or other preparatory school as she or they may later attend.
At such time as the child or children of my said brother Samuel P. Comly, Jr., shall have graduated from the high school as herein referred to, then and in that event the accumulation of income upon the said trust fund shall become available for the needs of the child of my said brother should she desire to continue her education or should wish to use the accumulation of income for any business project, and in the event that my said brother has more than one child, that at such time as the oldest of said children shall have graduated from the said high school it is my order that the said accumulation of income shall be divided into equal portions, share and share alike, and the share or portion shall be immediately available to each of the said children as they shall respectively graduate from the high school, and for the purposes herein designated.
At such time as the child or children of my said brother Samuel P. Comly, Jr., shall have graduated from the Woodbury High School, or such other high school or other preparatory school as she or they may attend, and in the event that she or they shall be desirous of continuing her or their education, or desirous of entering into any business project, then and in that event my trustee herein named shall be authorized to expend from the accumulated income of the said trust fund such amount as shall be necessary to defray the expenses of the child or children of my said brother in the furtherance of her or their advanced education, or such amounts as may be necessary in connection with any business project into which she or they may enter.
I order and direct that my said trustee from and after such time as the child of my said brother Samuel P. Comly, Jr. or children, shall be graduated from the Woodbury High School, or such other high school or other preparatory school as she or they may enter, to pay the net income arising from the said trust fund unto the child of my brother, Samuel P. Comly, Jr., if there be but one child, until such time as the *501 said child shall arrive at the age of thirty-five years, or in the event that there shall be more than one child, then and in that event to pay the income arising from the said trust fund in equal shares, share and share alike, to the children of my said brother, until the youngest of the said children shall arrive at the age of thirty-five years; and in the event that there be but one child, upon the said child arriving at the age of thirty-five years I order and direct that the principal of the said trust fund, together with all accumulation of income thereon, shall be paid to the said child, or in the event that there shall be more than one child of my said brother, then and in that event upon each of the said children arriving at the age of thirty-five years their equal undivided share or portion of the said trust fund shall be paid to such child, their or her heirs and assigns forever."
Dorothye Comly Crawford was born August 23, 1931; Samuel P. Comly III was born August 24, 1936. Plaintiff Helen B. Heughan was born October 31, 1928. Plaintiff was adopted by Captain Comly August 26, 1965; she is married and living with her husband and they have four children.
Captain Comly testified in his deposition that his purpose in adopting Mrs. Heughan was to enable her and her husband to remain in the home they now occupy after Captain Comly's death. Plaintiff and her husband and children are living in a home in which Captain Comly was given a life interest under the will of his mother, Hannah L. Comly, with the remainder going to his children. Captain Comly testified that this interest in the house was his motive in adopting Mrs. Heughan rather than any interest in the trust estate which is the subject of this litigation. However, it must be noted that a few days after the adoption, on August 26, 1965, demand was made upon the trustee for Mrs. Heughan's "share" of the trust, and this action to compel distribution was commenced only two months after the adoption.
In support of her claim plaintiff relies on In Re Coe's Estate, 42 N.J. 485 (1964), which held that adopted children of a named person were "children" within the will of testatrix who was not related to the named person. There is no indication in that opinion that the children involved were adults at the time of their adoption. In Coe the court refers to N.J.S.A. 9:3-30 and not to N.J.S. 2A:22-1 et seq. The latter *502 citation deals with the adoption of adults. From these statutory references it would appear that the court in Coe did not consider the adoption of adults in reaching its decision.
The basis of the decision in Coe is that a person making a will does not intend to distinguish between natural and adopted children. Chief Justice Weintraub wrote:
"We cannot believe it probable that strangers to the adoption would differentiate between the natural child and the adopted child of another. Rather we believe it more likely that they accept the relationships established by the parent whether the bond be natural or by adoption and seek to advance those relationships precisely as that parent would. None of us discriminates among children of a relative or friend upon a biological basis. * * * We ought not to impute to others instincts contrary to our own." (at p. 492)
It would seem that this acceptance of the adopted child by third persons would not occur where the adopted "child" is a 36-year-old married woman with four children, who was adopted merely to give her an interest in the home in which she was living with her family. As was stated by Justice Wachenfeld in Bank of New York v. Black, 26 N.J. 276 (1958):
"The object of our investigation is to determine the probable intent of the testatrix by a preponderance of the evidence and to carry it out in accordance with her wishes even though they be imperfectly expressed. We do what elemental justice and fundamental fairness demand under the necessitous circumstances. Mrs. Byrd's testament is final beyond reprieve. She cannot return to illuminate or to modify its terms. Therefore, we put ourselves in her position in so far as possible, endeavoring to accomplish what she would have done could she have envisioned the present inquiry."
Surely Mary Comly did not envision that her half-brother's "children" would include an adopted adult.
Clause Fifth of the will of Mary Comly provides that the trust fund may be used to continue the education of Captain Comly's children upon graduation from high school or for any business venture they might undertake upon graduation from high school. If Captain Comly had only one child, that *503 child could enjoy the income from the trust upon graduation from high school until distribution at age 35.
In ascertaining the subjective interest of testatrix, courts will give primary emphasis to her dominant plan and purpose as they appear from the entirety of the will when read and considered in the light of the surrounding facts and circumstances. Fidelity Union Trust v. Robert, 36 N.J. 561 (1961). In this case testatrix clearly intended that the trust could be used to benefit their children during their youth, with final distribution postponed until they reached age 35. Clearly, she did not envision or intend that one of the beneficiaries of the trust would become such after having already reached the age of 35 through the rather unusual and seldom used method of the adult adoption statute.
While undeniably it is the policy of the Legislature to place adopted children on a level with natural children, such a policy should not be used to permit the adoption of adults for the sole purpose of giving them an interest in property. If any adult that Captain Comly chose to adopt qualified as a "child" under the will of Mary Comly, then, in effect, Captain Comly would have a power of appointment over the property and could lessen the shares of his natural children as much as he pleased without any obligation on his part to provide and care for the adopted "child." Such a result was obviously not intended by the court in Coe or by testatrix.
For these reasons the complaint for distribution must be denied. Counsel for the corporate trustee will submit an order consented to as to form by other counsel.