585 P.2d 311 (1978)
In the Matter of the ESTATE of Clarence W. LIGHT, Deceased.
Audrey Light TEMPLE, Devisee-Appellant,
v.
Frances E. FRANK, Executrix-Appellee, and
Annabeth Lockhart and Margaret Cardy, Devisees-Appellees.
No. 77-842.
Colorado Court of Appeals, Div. II.
September 21, 1978.
C. Elwood Bradley, Hibbard & King, Peter B. King, Steamboat Springs, for Estate of Clarence W. Light and executrix-appellee.
Simons & Iuppa, Barney Iuppa, Colorado Springs, for devisee-appellant.
*312 Sharp & Black, P.C., Thomas R. Sharp, Mary Jane Simmons, Steamboat Springs, for devisees-appellees.
RULAND, Judge.
Audrey Light Temple seeks this review of the trial court's interpretation of the will of Clarence W. Light and its judgment relative to her liability upon certain promissory notes. We affirm.
The record reflects that the testator executed a will in August of 1970. In paragraph 4 he transferred the remainder of his estate "equally" between his five daughters subject to the provision that "my daughter, Audrey Light Temple, has borrowed $21,800.00 which shall be deducted from her share of my estate. If she owes more than her share, the note shall be considered paid...." to the extent of any excess over the amount of her share.
The note referred to in the will was dated April 18, 1970. Interest was payable semi-annually, starting October 18, 1970, and the principal balance was due April 18, 1973. The note also provided that, in the event of any default in interest payments, the entire principal was immediately due and payable at the option of the holder.
Temple executed a second note payable to the testator in August of 1973 for $10,000. As of the date of death in 1974, no interest or principal had been paid or demanded on either note.
Temple first contends that collection of the $21,800 note was barred by the six-year statute of limitations, § 13-80-110(1), C.R.S.1973. However, for purposes of the statute of limitations, default in payment of interest does not precipitate a claim on the note even though the note contains an acceleration clause where, as here, the holder may elect whether to accelerate payment and chooses not to do so. First National Bank v. Park, 37 Colo. 303, 86 P. 106 (1906); Buckman v. Hill Military Academy, 182 Or. 661, 189 P.2d 575 (1948). Thus, the statute of limitations did not begin to run on October 18, 1970, but on the date the note was due, April 18, 1973.
Temple next contends that paragraph 4 should be construed to refer to both notes with the result that both are discharged if the balance due thereon exceeds her share of the estate.
We recognize that the will speaks as of the time of the testator's death. Estate of Nicholson, 104 Colo. 561, 93 P.2d 880 (1939). However, this rule applies to the operation of the will and not to its construction. Heinneman v. Colorado College, 150 Colo. 515, 374 P.2d 695 (1962). Thus, in order to determine the testator's intent relative to the above quoted provision, it must be construed in light of the circumstances present at the time of the will's execution. First National Bank v. Denver U. S. National Bank, 409 F.2d 108 (10th Cir. 1969). And, when the will provisions are plain and unambiguous, those provisions control. Pitman v. Colorado National Bank, 113 Colo. 373, 158 P.2d 186 (1945). Guided by these principles, we conclude that paragraph 4 refers only to the $21,800 note and must be so limited.
If the note is not included as an asset in the inventory of the estate, the balance due exceeds Temple's distributive share of the estate. Conversely, if the note is included as an asset in the inventory, the balance due does not exceed Temple's distributive share. Temple therefore contends that the trial court erred in ruling that the $21,800 note plus interest must be included as an asset in the inventory. However, we agree with the trial court's conclusion.
Unless the testator clearly indicates to the contrary, in calculating advancements to a devisee whether in the form of a gift or a loan which is forgiven at death, the advancement must be treated as if repayment thereof had been made to the estate for distribution among all of the named beneficiaries. Howe v. Howe, 184 Mass. 34, 67 N.E. 639 (1903); see Annot., 165 A.L.R. 899. This rule is predicated upon the intent expressed in the residuary clause to divide the estate "equally" among the beneficiaries. See In re Laughlin's Estate, 354 Pa. 43, 46 A.2d 477 (1946).
Judgment affirmed.
ENOCH and STERNBERG, JJ., concur.