Argued and submitted June 9, affirmed July 21, 1980

In the Matter of the Estate of
Walter F. Henningsen, Sr.
KISTNER,
*Respondent,*
*v.*
HENNINGSEN, et al,
*Appellants.*

(No. 127-134, CA 16070)

614 P2d 140

Alan H. Johansen, Portland, argued the cause for appellants. With him on the briefs were Stewart M. Whipple, and Whipple, Johansen & McClain, Portland.

William L. Dickson, Portland, argued the cause for respondent. With him on the brief were Robert K. Udziela, David A. Hytowitz, and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

## ROBERTS, J.

This is a dispute over the disposition of a home under the will of the late Walter Henningsen, Sr.

The will bequeathed all personal property to testator's surviving children. It then set forth two separate bequests of $25,000 each to persons other than testator's children. The following provision, which is set forth immediately after the bequests in the will, is the subject of the dispute in this case.

"PROVIDED ALWAYS, that the above bequests (A) and (B) are made on the assumption that the proceeds from the sale of my home at 6171 S.W. Capitol Highway, Portland, Oregon will be sufficient to pay all of the above bequests. If, however, the proceeds from the sale of said home is not sufficient to pay all of said bequests, each of said bequests shall be abated proportionately. Provided further, that in lieu of the sale of my home for the payment of the above bequests my surviving children shall have the right and option to retain the home by paying, to apply on the above bequests, an amount equal to the sale value of said home."

A residuary clause gave the residue of the estate to decedent's children, with the provision that if any of testator's children should predecease him, the lineal descendants of the deceased child would take the deceased child's share by representation.

It is undisputed that at the time of testator's death, one of the two $25,000 bequests had lapsed. Further, one of testator's four children had died. Petitioner is the son of the deceased child and is, therefore, a residuary legatee. He initiated this proceeding to obtain a judicial interpretation of the will.

Petitioner alleged that the testator's home has a present market value in excess of $89,000 and asked that the personal representative sell the home for the best price obtainable. He then asked that the $25,000 bequest be paid from the proceeds and that the rest of the purchase price be treated as part of the residuary estate.

[329]

Respondents, testator's three surviving children, answered averring that the home had a value in excess of $25,000 and contending that testator intended that, under the existing circumstances, the surviving children should have the right and option to retain the home upon payment of $25,000, the sum necessary to pay the extant bequest. Respondents further stated that they were exercising the option by tendering $25,000 payable to the estate on demand of the personal representative and prior to conveyance of the home to the individual respondents.

The trial court ordered that the home be sold for the best price obtainable on the open market, whether to decedent's children or to some other party; that $25,000 be used to pay the bequest; and that the remainder of the sale price be distributed pursuant to the residuary clause.

Respondents, who must share any distribution under the residuary clause with petitioner, appeal, contending that it is clear that testator intended his surviving children could sell or keep the house subject only to payment of the cash bequests in an amount not exceeding the value of the house. Respondents argue that theirs is the only logical reading of the following language from the will:

"In lieu of the sale of my home for the payment of the above bequests my children shall have the right and option to retain the home by paying, to apply on the above bequests, an amount equal to the sale value of said house."

■    In examining a will, we are to construe from the entire instrument the express intention of the testator. *Dean et al v. First National Bank et al,* 217 Or 340, 341 P2d 512 (1959); *Heilig v. Daniel,* 203 Or 123, 275 P2d 854, 275 P2d 988 (1954). However, there is no reason for construction where the language is unambiguous. *Dean et al v. First National Bank et al, supra, Wester v. State Land Board et al,* 231 Or 405, 373 P2d 422 (1962); *In re Shepherd's Estate,* 152 Or 15, 41 P2d 444, 49 P2d 448 (1935).

■        Testator stated the method by which respondents could retain the house in clear language. They were to pay "an amount equal to the sale value of said home." We find no ambiguity in these words. Respondents' interpretation would require the addition of the words "not to exceed the value of the bequests." This addition we will not make. *Quick v. Hayter,* 188 Or 218, 225, 215 P2d 374 (1950).

It is not for us to determine what petitioner would have done had he known that the sale value would exceed the amount of the bequests, for as the Supreme Court stated in *Dean et al v. First National Bank et al, supra,* quoting from *In re Shepherd's Estate, supra,*

" ' "* * * It is not * * * for the court to speculate upon what he might have done if the exact situation which has arisen had been in his mind when he made his will, but to determine the meaning of the words actually used and to apply that meaning to the facts presented. * * *" ' " 217 Or at 376.

The will clearly provides that respondents must pay an amount equal to the sale value in order to retain the home. A tender of $25,000 does not meet this requirement. The trial court acted correctly in requiring sale of the home in order to pay the $25,000. Testator's surviving children and the petitioner grandchild will share in the remaining proceeds under the residuary clause.

Affirmed.