642 P.2d 527 (1982)
In the Matter of the ESTATE OF Harry P. DAIGLE, Deceased.
Perry S. NISSLER, Guardian ad litem for Douglas J. Daigle and Scott R. Daigle, Appellant,
v.
John Neyman SMITH and David Neyman Smith, Appellees.
No. 79CA1094.
Colorado Court of Appeals, Div. III.
February 18, 1982.
*528 Cohen, Brame, Smith & Krendl, P.C., Jeffrey L. Smith, Donald R. Looper, Denver, for appellant.
Joseph Thibodeau, Denver, Richards, Brandt, Miller & Nelson, M. Kent Christopherson, Robert L. Stevens, Salt Lake City, Utah, for appellees.
PIERCE, Judge.
This is an action for construction of the will of Harry Daigle. The guardian ad litem for Douglas and Scott Daigle appeals a judgment in favor of John and David Smith which made the Smiths co-devisees with the Daigles. We affirm the result reached by the trial court.
The testator, during his first marriage, fathered John and David. After the first marriage terminated by divorce, John and David were adopted in 1957 by their natural mother's second husband with Harry's consent. In 1968, Harry married his second wife, Harriet. Later that year, when Harriet was pregnant, Harry executed the will in dispute. Thereafter, as issue of this marriage, his sons, Douglas and Scott were born. The marriage between Harry and Harriet was subsequently dissolved, and Harry died testate in 1978.
It was undisputed that Harry's will, after a certain bequest, left the balance of his property to Harriet, but Harriet was divested of that devise by virtue of the dissolution of marriage. Also, it was undisputed that the consequence of Harriet not taking under the will was that the residuary estate vested in a trustee, for the benefit of the remaining devisees under the will. These devisees were designated in various locations in the will as "any child of mine at the time of death," "my children then living," "my children," and the like.
The controlling question in this case is whether the children of the testator who were lawfully adopted by another person were intended to be included in the class described in the will as "children." We agree with the trial court that they were, but for different reasons than it employed.
Primary to will construction is the ascertainment of the testator's intent from the entirety of the instrument. In re Estate of Dewson, 181 Colo. 189, 509 P.2d 311 (1973). If that intent is not prohibited by law, it is the duty of the courts to give effect thereto. Heinneman v. Colorado College, 150 Colo. 515, 374 P.2d 695 (1962). The canons of construction then are but aids and never prevail over an intent that is clear or manifest. Heinneman, supra.
The Daigle children contend that the trial court erred in applying § 15-11-109(1)(a), C.R.S.1973 (1981 Cum.Supp.), which allows an adopted child to take by intestacy from his natural parents, instead of applying C.R. S.1963, 153-2-4(2), which did not allow an adopted child to take by intestacy from his natural parents. Although we agree that the trial court erred by resorting to § 15-11-109(1)(a), C.R.S.1973 (1981 Cum.Supp.), we do not agree that C.R.S.1963, 153-2-4(2), should have been applied.
Even though a will speaks at the time of the testator's death, that date only relates to the operation of the instrument, not to its construction. Heinneman, supra. When determining the testator's intent relative to a provision of a will, a court must construe it in light of the circumstances present at the time of the will's execution. In re Estate of Light, 41 Colo.App. 332, 585 P.2d 311 (1978). However, in its search for a rule of construction to aid in determining the testator's intent, the trial court reviewed § 15-11-603, C.R.S.1973 and § 15-11-611, C.R.S.1973, and applied § 15-11-109(1)(a), C.R.S.1973 (1981 Cum.Supp.). Hence, it erroneously examined laws in effect at testator's death and not in effect at the time testator executed his will. See 1973 Colo.Sess.Laws, ch. 451 at 1558-59 and 1560.
Contrary to the contention of Douglas and Scott, C.R.S.1963, 153-2-4(2), also would have been wrongfully resorted to by *529 the trial court in determining the testator's intent. Unlike § 15-11-603, C.R.S.1973, and § 15-11-611, C.R.S.1973, there were no statutory provisions in effect at the time the will was executed in 1968 that would have allowed the application of the intestacy statute, C.R.S.1963, 153-2-4(2), as a rule of construction. Therefore, at the time the testator elected to use the word "children" in his will, there was no rule of construction under which the term "children" was presumed to reflect an intent to exclude a child adopted out of the family.
C.R.S.1963, 153-2-4(2), at the time of the execution of the will, was limited in its application solely to the right of an adopted child in intestacy, and it had no application to the rights of an adopted child where his interests were determined by a testamentary disposition. See generally People v. Estate of Murphy, 29 Colo.App. 195, 481 P.2d 420 (1971). Moreover, adoption and its incidents are wholly statutory. See Israel v. Allen, 195 Colo. 263, 577 P.2d 762 (1978). Therefore, any difference between the rights of adopted and non-adopted children, including inheritance under a will, must be designated by legislation. See Amoskeag Trust Co. v. Haskell, 96 N.H. 89, 70 A.2d 210, modified, 96 N.H. 89, 71 A.2d 408 (1950).
The question then is "`one of identity and not the right of inheritance.'" Monroney v. Mercantile-Safe Deposit & Trust Co., 291 Md. 546, 435 A.2d 788 (1981), quoting In re Taylor's Estate, 357 Pa. 120, 53 A.2d 136 (1947). In the absence of a statute directing a different construction, the effect of adoption does not change a claimant's description as a child after the adoption. See Monroney, supra; In re Tracy, 464 Pa. 300, 346 A.2d 750 (1975); In re Taylor's Estate, supra; Annot., 96 A.L.R.2d 639 (1964); cf. Commerce Trust Co. v. Duden, 523 S.W.2d 97 (Mo.App.1975). When a devise is to "children" and the testator has been married more than once and has had children by each marriage, at common-law, the prima facie inference is that the devise includes the children of each marriage. See 4 Page on Wills § 34.16 (W. Bowe & D. Parker 3d ed. 1961). Hence, a latent ambiguity does not exist here because the only reason that the word "children" would be susceptible to more than one meaning is because of the statute concerning intestacy distributions, C.R.S.1963, 153-2-4(2). See In re Estate of Dewson, supra; In re Estate of Gross, Colo.App. (Annc'd October 22, 1981, No. 80CA1244).
Here, it was unnecessary for the trial court to consider extrinsic evidence to determine the meaning of "children." Unless the testator's language indicates otherwise, "the word `children' should be interpreted in its primary sense, i.e., an immediate or first degree offspring," or a child adopted by the testator. Wright v. Poudre Valley National Bank, 153 Colo. 255, 385 P.2d 412 (1963). Therefore, the trial court did not err in holding that the Smith children were entitled to share equally with the Daigle children as "children" under the will.
The judgment is affirmed.
ENOCH, C. J., and SMITH, J., concur.