703 P.2d 1323 (1985)
In the Matter of the Trust under the last WILL and Testament OF J. Louis KILLIN, Deceased.
Esther M. HIGBY and Ladis John Higby, Petitioners-Appellants,
v.
The FIRST NATIONAL BANK OF COLORADO SPRINGS, Trustee; William Frank Higby; Michael Higby; Heather Higby; and Sarah Ann Higby Beck, Respondents-Appellees.
No. 84CA0195.
Colorado Court of Appeals, Div. III.
June 6, 1985.
*1324 William Rann Newcomb, Denver, for petitioners-appellants.
Sherman, Howard, Baker & Wendelken, Ben S. Wendelken, Colorado Springs, for respondent-appellee The First Nat. Bank of Colorado Springs, trustee.
Cross, Gaddis, Kin & Quicksall, P.C., Larry R. Gaddis, Colorado Springs, for respondents-appellees William Frank Higby, Michael Higby and Heather Higby.
Trott, Kunstle & Hughes, Dan S. Hughes, Colorado Springs, for respondent-appellee Sarah Ann Higby Beck.
BABCOCK, Judge.
Respondent, First National Bank of Colorado Springs, is the trustee of a testamentary trust established by J. Louis Killin, deceased. The corpus of the trust includes, among other assets, "the Spring Valley Ranch" (the ranch) consisting of 2,332 acres of ranch land located in Douglas and El Paso Counties. Petitioners, Esther M. Higby and Ladis John Higby, income beneficiaries of the trust, filed this declaratory judgment action seeking construction of the will and an order directing the respondent trustee to sell the ranch.
After trial, the trial court concluded that the terms of the trust prohibited the sale of the ranch and that petitioners had not established any circumstances which would justify deviating from the provisions of the will. Petitioners appeal from the judgment of the trial court denying their request for instructions to the trustee to sell the ranch. We affirm.
The relevant facts are not in dispute. J. Louis Killin died in 1963. His will left the entire residue of his estate, including the ranch, in trust to the respondent, First National Bank. Petitioners are each entitled to receive one-third of the trust income for life. The remaining one-third of the trust income is payable to respondents William Frank Higby and Sarah Ann Higby Beck, who are also remaindermen under the trust and, thus, are entitled to receive the corpus of the trust when it terminates upon the death of petitioners. Respondents Michael Higby and Heather Higby are the minor children of respondent William Frank Higby. They have a contingent interest in the corpus of the trust.
At the time of testator's death in 1963, the ranch was valued at approximately $38 per acre, or a total of $88,274. At the time of the trial, the land was valued at $1,000 per acre for a total of $2,332,000.
*1325 Prior to his death, testator raised cattle on the ranch. After his death, the cattle ranching operations were continued, first by the executor of the estate, and then by the respondent trustee. However, in 1971, because of operating losses, the trustee sold the remaining cattle and ranch equipment, and terminated the cattle ranching operations.
Thereafter, the ranch was leased for grazing purposes and at the time of trial was producing a net income of approximately $5,000 per year, or less than .025 percent of the value of the ranch. Admittedly, if the ranch were sold for its fair market value, the income available to the income beneficiaries would increase dramatically. However, total annual trust income from all assets, including other ranch acreage previously sold, has increased from $1,950 in 1967 to $104,627.49 in 1982.
The relevant portions of the will provide as follows:
"All the rest, residue and remainder of my estate, of whatever kind or nature and wheresoever situate, I give, devise and bequeath to THE FIRST NATIONAL BANK, Colorado Springs, Colorado, as TRUSTEE, without bond, to have and to hold the same IN TRUST and to invest and keep invested the same with power to call in and change the investments from time to time so as to realize the largest amount of income consistent with the safety of the principal and without being confined to so-called legal investments under the laws of the State of Colorado, and to receive the income, dividends and profits therefrom arising and to pay and apply said principal and income after payment of all fixed charges for the preservation of this Trust and cost of administration thereof....
I direct that my ranch properties shall not be sold during the period of administration of this Trust, except such as may be necessary to sell for payment of taxes and then in the order hereinafter specified."
This prohibition against sale of the ranch was reiterated in a following will clause.
Pointing to the language in the will directing the trustee to invest "so as to realize the maximum amount of income consistent with the safety of the principal ...," petitioners first contend that the trial court erred in failing to give effect to testator's intent that the income beneficiaries receive the maximum amount of income possible. In support of this contention, they rely on the general rule of construction that in "all doubtful cases the interests of life tenants are to be preferred to the interests of the remaindermen ...." See Mulcahy v. Johnson, 80 Colo. 499, 252 P. 816 (1927).
The intent of a testator as clearly and unambiguously expressed in the will controls the disposition of the estate. Section 15-11-603, C.R.S.; In re Estate of Dewson, 181 Colo. 189, 509 P.2d 311 (1973). In construing a will, the more specific language controls the more general language. See Estate of Paulsen, 113 Colo. 373, 158 P.2d 186 (1945). Moreover, all the provisions of the will must be given effect if possible. See United States National Bank v. Brunton, 112 Colo. 442, 150 P.2d 297 (1944).
We agree with the trial court's conclusion that testator's will was unambiguous and that the specific language in the will prohibiting sale of the ranch controls over the general direction to maximize the amount of income realized from investments.
Petitioners next assert that the testator's intent was for the trustee to maintain the ranch as a viable working unit and that, since this intention was defeated by the change in circumstances resulting in the termination of the ranching operations, the trustee was relieved of following the provisions of the will prohibiting the sale of the ranch. We disagree.
A will must be construed to effectuate the testator's intent as ascertained from the entirety of the written instrument. In re Estate of Dewson, supra. It *1326 is the duty of the courts to effectuate that intent if not prohibited by law. In re Estate of Daigle, 642 P.2d 527 (Colo.App. 1982). The will contains no provision that the ranch be retained only so long as the cattle ranching operations were profitable, nor can we read such a provision into the will. Thus, testator's purpose not being contrary to law, the trial court acted properly in enforcing the will as written. See In re Estate of Dewson, supra.
Petitioners further contend that the trial court should have permitted the trustee to deviate from the provisions of the will prohibiting the sale of the ranch because of the dramatic and unforeseeable increase in the value of the land. Again, we disagree.
A court may not order a trustee to deviate from the terms of a trust unless, because of a change in circumstances, compliance with its terms would defeat or substantially impair the accomplishment of its underlying purposes. Section 15-1-306, C.R.S.; Restatement (Second) of Trusts § 167 (1959). Deviation from the expressed intent of a testator that trust property be retained during trust administration is not warranted solely because of potential increased income to the income beneficiaries. See Crocker-Citizens National Bank v. Younger, 4 Cal.3d 202, 93 Cal.Rptr. 214, 481 P.2d 222 (1971); Restatement (Second) of Trusts § 167 comment b illustration 14 (1959).
We agree with the trial court that there was no showing that compliance with the terms of this will would defeat or substantially impair the accomplishment of its underlying purposes. Thus, we uphold the trial court's denial of petitioners' request for instructions to the trustee to sell the ranch.
Petitioners' remaining contentions are without merit.
Judgment affirmed.
VAN CISE and TURSI, JJ., concur.