Submitted on record and briefs August 21, affirmed October 14, 1987

In the Matter of the Estate of
Dorothy E. Hayes, Deceased.

MURPHY et al,
*Appellants,*

*v.*

POWERS,
*Respondent.*

(P-86-5-3; CA A43359)

743 P2d 777

James C. Purcella, Portland, filed the brief for appellants.

Clifford W. Powers and Powers, McCulloch & Bennett, Portland, filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges

WARDEN, P. J.

**WARDEN, P. J.**

Plaintiffs seek review of a judgment authorizing final distribution of the estate of Dorothy E. Hayes (testatrix), contending that the trial court misconstrued the residuary clause in her will. We affirm.

Testatrix executed her will on April 14, 1975. After making several specific bequests and devises, the will provides:

"TENTH: All of the residue of my estate I devise to FIRST NATIONAL BANK OF OREGON, *IN TRUST,* upon the following terms and conditions and for the following uses and purposes, to-wit:

"A. I direct my trustee to pay to my son, DOUGLAS M. HAYES, one-half of the net income of the trust estate in quarterly installments during his lifetime and the remaining one-half of the net income in like installments to his wife, ARDIS HAYES, during her lifetime and as long as she is married to my son, Douglas M. Hayes. In the event of her death or if she no longer is eligible to receive such payments then my trustee shall pay all of the net income to my son.

"B. I direct my trustee to pay to my son, DOUGLAS M. HAYES, each year the sum of $1,000.00 out of the corpus of the trust.

"In the event my trustee in its sole discretion feels that due to illness or other emergency it would be in the best interests of my son to make further distributions to him during his lifetime out of the corpus of the estate I authorize my trustee to do so.

"Upon the death of my son I authorize the trustee to pay all reasonable charges for funeral services and burial or entombment.

"C. Upon the death of my son, DOUGLAS M. HAYES, *the trust shall terminate* and *my trustee* shall distribute *the then trust estate* as follows:

"1. 40 percent thereof to my husband's sister, DELLA MURPHY, and to her husband, CHESTER MURPHY, equally, or to the survivor, and if neither is living at that time then to their daughter, DIANA MINOR, and if she is not living then to her children in equal shares.

"2. 40 percent thereof to my husband's brother, WARREN HAYES, and to his wife, MADGE HAYES,

equally, or to the survivor, and if neither is living at that time then to their daughter, NANCY LANGENEGGER, and if she is not living then to DIANA MINOR.

"3. 20 percent to ARDIS HAYES upon condition that she is married to my son, DOUGLAS M. HAYES, at the time of his death, otherwise such share shall be distributed equally to DIANA MINOR and to NANCY LANGENEGGER, or the survivor.

"D. In the event distribution cannot be made in accordance with the foregoing provisions then my trustee shall make distribution to my heirs at law in accordance with the law of descent and distribution in existence in the state of Oregon at the time of my death." (Emphasis supplied.)

Testatrix' son, Douglas M. Hayes (son), died on September 13, 1982. Testatrix died more than three years later, on April 29, 1986. The trial court held that the testamentary trust created by the residuary clause had lapsed, because the sole beneficiary of the trust had predeceased testatrix. The court then ordered the residue of the estate distributed according to the laws of intestate succession, ORS 112.015 to ORS 112.115, because the will did not contain an effective residuary clause.

Plaintiffs concede that the testamentary trust failed because son predeceased testatrix. However, they contend that the remainder interest in the residual estate should be accelerated, because the prior estate in son had failed, and that they should thus take the residue under the terms of the trust. We disagree.

A will speaks at the time of the testator's death, unless a contrary intent is manifested in the will. *Butte v. Crohn,* 8 Or App 284, 285, 494 P2d 258 (1972). In construing a will, we are to ascertain from the entire instrument the intention of the testator; however, a will in which the language is unambiguous is not susceptible to construction. *Kistner v. Henningsen,* 47 Or App 327, 330, 614 P2d 140 (1980). Here, the will and its residuary clause are unambiguous. It transfers the residue "in trust" to First National Bank of Oregon for the benefit of son and provides that "the trust shall terminate" upon son's death, at which time the "trustee shall distribute the then trust estate" to the named distributees, including plaintiffs, if that were possible. If not, the "trustee shall make distribution" to the testatrix' heirs at law. There are no words

in the will which state that any beneficial interest of the trust estate was to survive if the trust never came into existence. The testamentary trust never came into existence, because by the terms of the will it was to come into existence on the death of testatrix. The gift of the residue in trust therefore lapsed.

"[I]f a trust fails by lapse, * * *·a devise or bequest to a person merely by way of trust is not to be construed into an absolute gift: Schouler on Wills, § 597." *In Re Johnson's Estate,* 100 Or 142, 160, 196 P 385, 196 P 385, 196 P 1115 (1921). Because the gift in trust lapsed, there is no trust estate to distribute to plaintiffs and the other named distributees. The will does not provide for disposition of the residual estate to plaintiffs in the event son predeceased testatrix. The clause on which plaintiffs rely is ineffective to accomplish what plaintiffs seek, and it is not our place to speculate on what testatrix would have done had she contemplated the possibility that son would precede her in death. The trial court did not err in ordering the residue distributed according to the laws of intestate succession.

Affirmed.