**Orville I. HASKINS, Plaintiff–Appellee,**

v.

**Dorothy GARRETT, Personal Representative of the Estate of Helen M. Penrod, deceased, Defendant–Appellant.**

**No. 90CA1455.**

Colorado Court of Appeals,
Div. III.

Sept. 26, 1991.

John F. Griebel, Denver, for plaintiff-appellee.

Lowery, Lamb and Lowery, P.C., Timothy J. Lamb, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Dorothy Garrett, personal representative of Helen M. Penrod's estate, seeks a declaratory judgment proceeding to construe the decedent's will. Specifically, the personal representative appeals from the judgment entered in favor of plaintiff, Orville I. Haskins. We affirm.

The relevant facts are not in dispute. The decedent executed a will containing a trust for the benefit of her brother, George W. Tiedeman, with a remainder interest in plaintiff. In this respect, Article VIII of the will states:

"I hereby constitute and appoint THE CENTRAL BANK AND TRUST COMPANY as Trustee to receive the bequest set forth under ARTICLE IV, Paragraph 3 of this Will [$50,000], for the health and welfare needs of George W. Tiedeman, and to be known as 'THE GEORGE W. TIEDEMAN TRUST'.

"My Trustee may pay such items from said trust as it shall determine, in its discretion, to be necessary or desirable for the health and welfare of the said George W. Tiedeman. If the said George W. Tiedeman shall die leaving undistributed principal and income remaining in said trust, my trustee shall distribute the said remaining principal and income to ORVILLE I. HASKINS."

However, Article VI of the will provides:

"If any beneficiary of my estate as set forth herein shall predecease me, such beneficiary's share shall go to his or her issue and in the event said issue is of a minority age, a trust shall be set up with said issue as beneficiary pursuant to Article VII as set forth herein."

The decedent's brother predeceased her and left no children.

I

The personal representative first contends that the trial court erred in its interpretation of the will. Relying upon § 15–11–606(1), C.R.S. (1987 Repl.Vol. 6B) and Article VI of the will, she argues that the trust proceeds constitute a part of the residuary of the estate because decedent's brother predeceased her. However, we agree with the trial court's determination that plaintiff was entitled to receive the trust proceeds.

As pertinent here, § 15–11–606(1) provides that: "[I]f a devise other than a residuary devise fails for any reason, it becomes part of the residue." However, this rule of construction does not apply if it is contrary to the intent indicated by the will. See § 15–11–603, C.R.S. (1987 Repl. Vol. 6B). And, according to most authorities, if the life beneficiary of a trust predeceases the author of the will, the remainder beneficiary takes as if the provision for the life estate was not made. *Rodway v. Estate of Orgill*, 20 Ohio Misc. 85, 48 O.O.2d 72, 248 N.E.2d 241 (1969); see Annot., 133 A.L.R. 1367 (1941); Restatement of Property § 230 (1936); Restatement (Second) of Trusts § 412 (1959); W. Bowe & D. Parker, *Page on Wills* § 50.4 (3rd ed.1962); *but see Murphy v. Powers*, 87 Or.App. 659, 743 P.2d 777 (1987).

We are persuaded that the majority rule should be applied in this jurisdiction if, as here, application of that rule is consistent both with the language of the will and with the circumstances extant at the time the will was executed. *See In re Estate of Light*, 41 Colo.App. 332, 585 P.2d 311 (1978). We view application of the rule under those conditions as carrying out the intent of the author of the will. We also conclude that application of the rule under those conditions is consistent with the view in Colorado that the law should impose a construction of the will which creates a vested estate, if possible, especially when the bequest is to children or those standing in a similar relationship to the decedent. *See In re Question Submitted by United States Court of Appeals*, 191 Colo. 406, 553 P.2d 382 (1976); *Jones v. Pueblo Savings & Trust Co.*, 103 Colo. 455, 87 P.2d 2 (1939).

■ Here, the will executed by the decedent contemplates the survival of her brother. However, that fact, standing alone, does not constitute a manifestation of intent to nullify the bequest to the plaintiff. *See Rodway v. Estate of Orgill, supra.* Conversely, the will does not direct termination of the trust if decedent's brother predeceases her. And, the record supports the trial court's determination that the decedent's intent was not to nullify her bequest to plaintiff.

Specifically, the decedent's brother was in poor health in a nursing home at the time the will was executed, and he died only twelve days later. In addition, several witnesses testified, without objection, that the plaintiff was a close personal friend of the decedent and that he cared for her during the last years of her life. Furthermore, based upon this testimony, the personal representative conceded, on the one hand, that the decedent had every reason to believe that the trust would not be exhausted by her brother and, on the other, that she would be very charitably disposed toward the plaintiff.

Therefore, we conclude that the decedent adequately manifested her intent that the plaintiff was to receive the trust proceeds. Conversely, we conclude that Article VI does not require a contrary result.

## II

■ Next, we reject the personal representative's contention that the trial court committed reversible error by admitting evidence of the decedent's intent.

Here, as discussed in section I, several witnesses testified, without objection, regarding the plaintiff and decedent's relationship. And, the personal representative, in essence, conceded that the testimony was accurate.

When plaintiff attempted, however, to elicit testimony from a witness regarding any oral discussions between the witness and decedent concerning the provisions at issue, the trial court sustained the personal representative's objection. No additional testimony regarding the possible intent of the decedent was received into evidence.

Therefore, in light of the fact that the personal representative's only objection was sustained, there can be no error.

The judgment is affirmed.

TURSI and DUBOFSKY, JJ., concur.