829 P.2d 457 (1991)
In the Matter of the TRUST CREATED BY Dorothy E. BELGARD, Settlor.
Jeffreys M. JOHNSON and Douglas E. Johnson, Petitioners-Appellees,
v.
Robert E. JOHNSON, Respondent-Appellant.
No. 90CA0808.
Colorado Court of Appeals, Div. I.
September 26, 1991.
Rehearing Denied November 14, 1991.
Certiorari Denied May 11, 1992.
*458 White & Steele, P.C., Walter A. Steele, Frederick W. Klann, George A. Codding, Denver, for petitioners-appellees.
Constantine & Anderson, P.C., Thomas J. Constantine, Kevin J. O'Brien, Greenwood Village, for respondent-appellant.
Opinion by Judge PIERCE.
Respondent, Robert Johnson, appeals a judgment of the probate court which construed the trust created by his mother to exclude his adopted wife as a remainderman. We affirm.
Settlor created an express trust in Illinois in 1956 (the Belgard Trust). After her death and the death of her husband, respondent received the net income from the trust as lifetime beneficiary. Under the terms of the trust, upon respondent's death, the trustee is instructed to:
"divide the trust estate into as many equal shares as shall be necessary to allot one share for each child of my said son then living and one share for the then living descendants per stirpes of each child of my said son then deceased."
The trust agreement defines "child" and "descendant" to include "persons legally adopted by my said son...."
Respondent has three sons from his first marriage, which ended in 1972. He remarried in 1973 and has no children from this marriage. Settlor died in 1975, and, in *459 1979, respondent adopted his adult wife pursuant to § 14-1-101, C.R.S. (1987 Repl. Vol. 6B). Upon appointment of the successor trustee, an Amended Trust Registration Statement was sent to respondent, his wife, and his sons in which the adopted wife was designated as a remainder beneficiary.
Petitioners are two of respondent's sons. They filed their Petition for Construction of Trust in 1989, prior to respondent's intended removal of the trust administration to another state. The probate court construed the trust as excluding respondent's current wife as a remainderman, finding that:
"What we really have conceptually here is [respondent] through the adoption attempting to cut his wife in to a role as a remainderman. And I don't think [the settlor] intended that."
The probate court further recognized that the legal effects of an adult adoption are quite different from those flowing from adoption of a child. See People ex rel. Dunbar v. Schaefer, 129 Colo. 215, 268 P.2d 420 (1954). Namely, one adopts an adult for the express purpose of making one an intestate heir of the adopting person. Accordingly, the current wife is entitled to inherit from respondent but not to share in the Belgard Trust.

I.
Respondent contends that, since his wife is included within the express terms of the trust as a "person legally adopted" by him, the probate court erred in construing the trust to exclude his wife as a remainderman. He argues further that absent any ambiguity in the trust instrument itself, the probate court erred in considering extrinsic evidence. Respondent also contends that the probate court's determination is contrary to the Colorado adoption statute.
Whether an adult who was adopted after the creation of a trust and after the death of the settlor may be considered a child within the meaning of a trust created by this third person who is a stranger to the adoption is a question of first impression in Colorado. We hold that the probate court correctly construed the trust at issue here to exclude the adopted wife as remainderman.

A.
The trust must be construed in accordance with the settlor's intent as discerned from the entire instrument. In re Estate of Daigle, 642 P.2d 527 (Colo.App. 1982). Thus, an examination of the language of the trust document in consideration of the relevant circumstances and laws in effect at the time it was executed is not an impermissible review of extrinsic evidence, but is necessary to determine, according to the instrument, the class of "persons legally adopted" and entitled to take as remaindermen. See In re Estate of Daigle, supra. Such examination here reveals that respondent's mother never considered, nor intended to include within the definition of a "child" adoptee, adult adoptees of the named beneficiaries as remaindermen under the trust.
The normal expectations of the settlor must be considered. See First National Bank v. Mackey, 338 N.W.2d 361 (Iowa 1983). And, the trust instrument here does not indicate that the settlor considered the possibility of an adult adoptee seeking to take as a "child" under the trust. Moreover, at the time the trust was executed, Illinois did not recognize adult adoptions. See McLaughlin v. People, 403 Ill. 493, 87 N.E.2d 637 (1949).
Considering the circumstances at the time the trust was executed, and without a clear intent that the settlor intended to include an adult adoptee as a child under the trust, we conclude that the ordinary meaning of "child" as one's natural child should be invoked. See In re Estate of Griswold, 140 N.J.Super. 35, 354 A.2d 717 (1976).
Hence, in accordance with the settlor's reasonable expectations, we construe the provision, including "persons legally adopted" as operating only to extend the definition of child to include not only natural children, but adopted children as well. *460 See Stewart v. Lafferty, 12 Ill.2d 224, 145 N.E.2d 640 (1957).
Against this background, then, the definition in the trust instrument of "child" or "descendant" does not provide authority for the result sought by respondent.
Furthermore, the use of the phrase "persons legally adopted," rather than "children legally adopted" is not sufficient to defeat the common meaning under these circumstances. Language in the trust postponing distribution until each "child" reaches 21 years of age is further support for its common meaning. Moreover, there is no provision in the trust by which the settlor evinces an intent to leave to the lifetime beneficiary his choice of remaindermen to the trust. See In re Estate of Griswold, supra.
We acknowledge that it is the policy of the General Assembly to place adopted children on par with one's natural children. See § 19-4-113, C.R.S. (1986 Repl.Vol. 8B). However, this policy does not and should not extend to permit adult adoptions for the purpose of giving them an interest in property already specifically designated. See § 14-1-101; In re Estate of Comly, 90 N.J.Super 498, 218 A.2d 175 (1966).
To the extent an adoption statute violates a settlor's lawful intent or prevents property from passing in accordance with the stated wishes and to the detriment of the rightful heirs, it must give way to the expression of intent. Minary v. Citizens Fidelity Bank & Trust Co., 419 S.W.2d 340 (Kentucky App.1967).
Here, the probate court properly found that respondent was using the adult adoption statute to entitle his wife to a remainder of the trust estate contrary to the intent of the settlor as set forth in the instrument. Therefore, the probate court correctly excluded the adopted wife under the terms of the trust.

B.
We further conclude that the determination of the probate court is consistent with the Colorado Adoption Statute. Section 14-1-101(2), C.R.S. (1987 Repl.Vol. 6B) provides for the adoption of adults with the purpose of giving the adoptee the status of heir at law. As such, the adopted adult is entitled "to inherit from the petitioner any property in all respects as if such adopted person had been the petitioner's child born in lawful wedlock...." (emphasis added) By definition, an heir is one who takes by descent and is entitled to a decedent's property under the laws of intestate succession. Section 15-10-201(20), C.R.S. (1987 Repl.Vol. 6B).
The adoption decree, therefore, pursuant to and incorporating the adoption statute, operates to grant the wife only the right to inherit through respondent, as his child, through intestacy. See In re Estate of David v. Snelson, 776 P.2d 813 (Colo.1989). The decree does not have the power to affect interests determined by an express disposition. See Brunton v. International Trust Co., 114 Colo. 298, 164 P.2d 472 (1945) (adoption statutes apply to cases of intestacy and cannot be invoked to upset trust provisions); In re Estate of Daigle, supra.

II.
Respondent also argues that petitioners' action is barred under the doctrine of laches or by the statute of limitations. However, both are inapplicable.
A cause of action does not accrue until the date the injury to one's property or status and its cause are known. Section 13-80-108(1), C.R.S. (1987 Repl.Vol. 6A). A cause of action for breach of trust accrues when the breach of that trust is discovered, § 13-80-108(6), C.R.S. (1987 Repl.Vol. 6A), or after the death of respondent and distribution of the trust property by the trustee in a manner inconsistent with the rights of petitioners as remaindermen. See Lucas v. Abbott, 198 Colo. 477, 601 P.2d 1376 (1979).
Because respondent is not yet deceased, the relationship between these protestants and the adopted person under the trust is not fixed. Therefore, the probate court correctly concluded that this action was properly and timely brought by petitioners *461 seeking a construction of the trust and a declaration of their status and rights under that instrument. See §§ 13-51-105 and 13-51-108(1)(c), C.R.S. (1987 Repl.Vol. 6A); Toncray v. Dolan, 197 Colo. 382, 593 P.2d 956 (1979).
Finally, in the absence of a showing of any prejudice to respondent as a result of a delay by petitioners in filing their petition, the doctrine of laches is likewise inapplicable. See Bacon v. Industrial Claim Appeals Office, 746 P.2d 74 (Colo. App.1987).
Judgment affirmed.
RULAND and DUBOFSKY, JJ., concur.