ESTATE OF BRADLEY B. BLAIR, DECEASED, CAROLYN R. BLAIR, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Blair v. Commissioner
Docket No. 27560-87.
United States Tax Court
T.C. Memo 1988-296; 1988 Tax Ct. Memo LEXIS 322; 55 T.C.M. (CCH) 1246; T.C.M. (RIA) 88296; July 11, 1988. Gary D. Eisenberg, for the petitioner. Thomas F. Eagan, for the respondent. GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was considered pursuant to the provisions of section 7443A(b)(4) of the Internal Revenue Code *323 of 1986. [1]
Respondent determined a deficiency in petitioner's Federal estate in the amount of $ 124,042.30. This case is before the Court on Respondent's Motion For Partial Summary Judgment pursuant to Rule 121. The motion was filed on February 1, 1988, together with a memorandum of law, a supporting affidavit, and attached exhibits. Respondent's motion was calendared for hearing at the Motions Session of the Court on March 23, 1988 in Washington, D.C. On February 29, 1988, petitioner filed a request to move the place of hearing from Washington, D.C. to Albuquerque, New Mexico. By order dated March 4, 1988, we denied petitioner's request, struck the case from the March 23, 1988 Motions Session, and permitted petitioner to file a response on or before April 6, 1988. On April 6, 1988, petitioner filed the ordered response, together with a legal memorandum, supporting affidavits, and attached exhibits. At issue is whether section 403(e)(3), Economic Recovery Tax Act of *324 1981, Pub. L. 97-34, 95 Stat. 305, precludes petitioner from qualifying for an unlimited marital deduction under section 2056. Petitioner is the Estate of Bradley B. Blair, Carolyn R. Blair, Personal Representative. When the petition in this case was filed, petitioner's legal address was in Farmington, New Mexico. New Mexico is a community property state. On September 23, 1980, Bradley B. Blair (decedent) and his wife, executed the Revocable Living Trust of Bradley B. Blair and Carolyn R. Blair (the trust). The trust was funded with the couple's community property. Decedent executed his will on the same day. Decedent died on March 6, 1983, without having made amendments to the trust or codicils to the will. He was survived by his wife and other beneficiaries. Under the terms of decedent's will, the residue of his estate was distributable to the trust after payment of expenses and taxes. The trust provided for a division of the trust estate into two trusts, Trust A (the "Survivor's Trust") and Trust B (the "Decedent's Trust"). Article 5.4 of the trust provides, in pertinent part: Trust A shall also include the portion of separate property included in the gross estate *325 of the first Trustor to die and qualifying for the marital deduction of a value, together with the total of any other property so qualifying and included in his or her gross estate for federal estate tax purposes, necessary to obtain for his or her estate the maximum marital deduction allowable (unless a disclaimer is filed) in determining the federal estate tax payable by reason of such Trustor's death, after taking into account any other qualifying marital deduction property passing to the surviving Trustor otherwise than under this subdivision, including all generation-skipping transfers of which the first Trustor to die may be a deemed transferor. However, this sum shall be reduced by an amount, if any, needed to increase the deceased Trustor's taxable estate to the largest amount that will, after allowing for the unified credit against the federal estate tax and any other allowable credits or deductions, not result in a federal estate tax being imposed on his or her estate. * * * [Emphasis added.] To date, neither Arizona, where decedent died a resident, nor New Mexico, whose laws govern the trust, have enacted any statute construing formula marital deduction *326 clauses with respect to the provisions of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 305 (hereinafter referred to as ERTA). On its Federal estate tax return, petitioner claimed a marital deduction in the amount of $ 455,701. In the notice of deficiency, respondent determined that petitioner was entitled to a marital deduction of only $ 16,123.64. Respondent takes the position that section 403(e)(3) of ERTA precludes petitioner from qualifying for an unlimited marital deduction under section 2056. Under Rule 121, summary judgment may be granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). Partial summary judgment may also be granted. Rule 121(b). The moving party bears the burden of proving there is no genuine issue of material fact. Jacklin v. Commissioner,79 T.C. 340, 344 (1982); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). Under section 2056(c), as in effect on the day decedent executed *327 the trust and his will (September 23, 1980), the maximum estate tax marital deduction was limited to the greater of $ 250,000 or 50 percent of the value of the adjusted gross estate. This section was repealed by section 403(a)(1)(a) of ERTA, the effect of which was to permit an unlimited marital deduction for estates of decedents dying after December 31, 1981. However, Congress was concerned that this change in the law might also change the intended effect of formula marital deduction provisions in wills that were executed before the passage of ERTA. This concern was expressed in the Senate Committee Report as follows: Because the maximum estate tax marital deduction under present law is limited to the greater of $ 250,000 or one-half of the decedent's adjusted gross estate, many existing wills and trusts provide a maximum marital deduction formula clause. The committee is concerned that many testators, although using the formula clause, may not have wanted to pass more than the greater of $ 250,000 or one-half of the adjusted gross estate (recognizing the prior law limitation) to the spouse. For this reason, a transitional rule provides that the increased estate tax marital *328 deduction, as provided by the bill, will not apply to transfers resulting from a will executed 30 days after enactment, which contains a maximum marital deduction clause provided that: (1) the formula clause is not amended before the death of the decedent to refer specifically to an unlimited marital deduction, and (2) there is not enacted a State law, applicable to the estate, which would construe the formula clause as referring to the increased marital deduction as amended by the bill. [S. Rept. No. 97-144 (1981), 1981-2 C.B. 412, 462. [2]] The transitional rule to which this passage from the Senate report refers is contained in section 403(e)(3) of ERTA, which provides: If -- (A) the decedent dies after December 31, 1981, (B) by reason of the death of the decedent property passes from the decedent or is acquired from the decedent under a will executed before the date which is 30 days *329 after the date of the enactment of this Act, or a trust created before such date, [3] which contains a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law, (C) the formula referred to in subparagraph (B) was not amended to refer specifically to an unlimited marital deduction at any time after the date which is 30 days after the date of enactment of this Act, and before the death of the decedent, and (D) the State does not enact a statute applicable to such estate which construes this type of formula as referring to the marital deduction allowable by Federal law as amended by * * * [section 403(a) of ERTA], then the amendment made by * * * [section 403(a) of ERTA] shall not apply to the estate of such decedent. [1981-2 C.B. 326-327.] Respondent contends that all the conditions of section 403(e)(3) of ERTA have been met *330 in this case and, therefore, petitioner is not entitled to an unlimited marital deduction. Petitioner, on the other hand, contends that the trust provision reflects the decedent's intent to have his estate governed by the law in effect at the date of his death, rather than law in effect at the time the trust was executed. The formula marital provision in the trust expressly provides that the Survivor's Trust is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law. Contrary to petitioner's claim, there is no language in the trust indicating that decedent intended that anticipated changes in the Federal estate laws relating to the marital deduction should apply to his estate. The transitional rule denying an estate the unlimited marital deduction is applicable when a testator has not amended his will or trust to specifically refer to an unlimited marital deduction. The decedent in this case did not amend his trust prior to his death. We cannot speculate as to the decedent's intent with respect to an unlimited marital deduction after ERTA when the trust is silent as to such intent. [4]
*331 This case is distinguishable from Estate of Neisen v. Commissioner,89 T.C. 939 (1987), and Estate of Bruning,T.C. Memo. 1988-5. The formula marital provisions in Neisen and Bruning each provided that the surviving spouse was to receive the minimum amount necessary to ensure that the decedent's estate would pay the least amount of Federal estate tax. We found a distinction between a formula of that type and, in the words of section 403(e)(3)(B), a "formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law." In this case, we can make no such distinction because the trust expressly provides that the Survivor's Trust is to consist of the maximum amount of property qualifying for the marital deduction allowable by Federal law. Petitioner further contends that the trust provision is ambiguous and we should consider extrinsic evidence to determine decedent's true intent. According to petitioner, the trust provision, in conjunction with extrinsic evidence, shows that decedent's intent was to have changes in the Federal estate tax laws relating to the *332 martial deduction apply to his estate. Specifically, petitioner claims that the trust is ambiguous because a unified credit cutback clause, a disclaimer provision, and the words "any other property" in a community property estate plan have no meaning except with reference to the unlimited deduction. Under New Mexico law, [5] the critical test in determining whether a will or trust is ambiguous is whether the decedent's intent can be determined from the four corners of the instrument itself. Portales Nat'l Bank v. Bellin,98 N.M. 113, 645 P.2d 986 (1982); New Mexico Boys Ranch, Inc. v. Hanvey,97 N.M. 771, 643 P.2d 857 (1982). If testamentary intent can be gleaned from the face of the document, ambiguity does not exist. Portales Nat'l Bank v. Bellin, supra;New Mexico Boys Ranch, Inc. v. Hanvey, supra.Where a will or trust is unambiguous, extrinsic evidence is not admissible to vary, contradict or supplement the language of the instrument, or to give a different intention on the part of the decedent from that stated in the instrument itself. Lamphear v. Alch,58 N.M. 796, 277 P.2d 299 (1954). Contrary *333 to petitioner's claim, the trust provisions in question are common to many estate plans. Use of these provisions in a community property estate of this size, however, inappropriate, does not show decedent's intent to have changes in the law apply to his estate, nor does it render the provision ambiguous. In this case, no extrinsic evidence was necessary to arrive at decedent's intent as expressed in the trust. The trust provision indicates that decedent intended to limit the amount received by his spouse to the greater of $ 250,000 or 50 percent of his adjusted gross estate. Accordingly, because there is no genuine issue as to any material fact present in the record, respondent is entitled to judgment as a matter of law and his motion for partial summary judgment will be granted. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. Hereinafter, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The House Committee Report contains similar language. See H. Rept. No. 97-201 (1981), 1981-2 C.B. 352↩, 379-380. See also Staff of Joint Committee on Taxation, General Explanation of the Economic Recovery Tax Act of 1981, at 239-240 (J. Comm. Print 1981). 3. ERTA was enacted on August 13, 1981. Therefore, section 403(e)(3) of ERTA applies to transfers resulting from wills executed or trusts created before September 12, 1981. The trust in this case was created before September 12, 1981. ↩
4. See Estate of Bauersfeld v. Commissioner,T.C. Memo. 1988-224↩, in which we held that section 403(e)(3) of ERTA precluded the taxpayer from qualifying for an unlimited marital deduction where the testator's unamended will was silent as to his intent with respect to the unlimited marital deduction following ERTA. 5. We apply New Mexico law in accordance with a provision in the trust which provides that "all questions concerning its [the trust's] validity and construction shall be determined under such [New Mexico] law." ↩